UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

| | |
|---|---|
| GEORGE W. SWEIGERT | Case No.: 2:22-cv-10002-GAD-KGA |
| Plaintiff, | |
| vs. | **AMENDED OBJECTION TO ORDER TO SHOW CAUSE** |
| JASON GOODMAN, | |
| Defendant | |

Jason Goodman ("Goodman") by and for himself pro se respectfully objects to the Show Cause Order and moves to strike it from the record. The evidence in Goodman's previous objection has not been addressed by the Court. In a hearing on March 4, 2022, Judge Drain ruled an objection could not be combined with a motion to dismiss. This amended objection cites newly discovered evidence that eliminates any doubt that Goodman's allegations are well founded, made in good faith, and backed by empirical evidence from the Court's own docket.

The Show Cause Order should be considered an error in its entirety and stricken from the record. The order's content reveals the Court is unfamiliar with the facts in this matter, the evidence presented, and the litigants over which it presides. The conclusions of the Court are fundamentally incorrect and indicate no effort to investigate Goodman's well-founded claims. Attempts by the judge to defend and shield Court employees from legitimate allegations and lawful interactions are a gross abuse of Judicial authority and a dangerous encroachment on the Executive branch. Judge Drain acted outside his legal authority when he enjoined Goodman.

AMENDED OBJECTION TO ORDER TO SHOW CAUSE AND MOTION TO DISMISS - 1

Goodman had good cause to exercise his legal rights by contacting the Court, its employees and law enforcement with questions pertaining to suspicious filings on the ECF docket. The service of justice compels the Court to address newly discovered prima facie evidence of fraud presented herein, and to vacate the unjust order and discontinue the illegal prior restraint of Goodman's first amendment rights.

## PARTIES AND NON-PARTIES

George Webb Sweigert ("Webb") is the pro se plaintiff in this matter and another matter before Judge Drain, Sweigert v Cable News Network ("Webb v CNN") *See Sweigert v Cable News Network*, 20-cv-12933. Webb is not an attorney, has no legal training and has a history of filing defective, frivolous pro se cases that are quickly dismissed; *See George Sweigert v. John Podesta, et al, SWEIGERT et al v. PEREZ et al, SWEIGERT et al v. PODESTA et al, SWEIGERT v. MCCABE et al*. An example of Webb's authentic signature and personal writing style can be seen in a filing made via U.S. Postal Service ("USPS") on March 11, 2021, *See Sweigert v Cable News Network*, No. 20-cv-12933 ECF No. 6. **(EXHIBIT A)**

Jason Goodman ("Goodman") is the putative defendant in the matter; however, Goodman has not been served, the filing fee had not been paid at the time of the illegal injunction and Show Cause order and the complaint is fatally defective ab initio.

Non-party David George Sweigert ("David") is Webb's brother (collectively referenced as "Sweigert Brothers" or "Sweigerts"). David has made public statements against his own interest regarding his family history of clinically diagnosed and pharmaceutically treated schizophrenia. The statements cause Goodman to believe David is mentally ill and potentially a danger to himself, to Goodman, and to those around him. David's demonstrated obsession with Goodman furthers this belief. David is not admitted to the Bar but, by his own admission has

AMENDED OBJECTION TO ORDER TO SHOW CAUSE AND MOTION TO DISMISS - 2

attended law school. He has drafted thousands of pages in hundreds of filings in a pathologically maniacal, ongoing, continuous campaign to harass Goodman and disrupt his business. David is a retired Air Force IT specialist, professional hacker, social engineer, and author of The Ethical Hacker's Field Operations Guide (https://drive.google.com/file/d/1BeVtzd7TKGpMvNonaUdD-Ls2RlGJm7JM/view?usp=sharing). The book is a detailed manual that describes tactics and methods for sending and receiving clandestine messages, penetrating complex computer networks, and evading detection among other things.

Non-party Richard Loury ("Loury") is believed to be the Pro Se Litigation Administrator at the Court and the Author of ECF No. 12, ECF No. 14 and ECF No. 44 in Webb v CNN as revealed in the document properties inspector of Adobe Acrobat software.

Non-party Jacquelyn Weaver ("Weaver") is an associate of David and the author of a "lawfare blog" https://trackingmeroz.wordpress.com/. Weaver's blog is used to publish and amplify false claims made by David in privileged legal filings against Goodman. It is also an indexed library of every case against Goodman and includes theory, commentary and case law citations used by David in harassing litigation. Weaver is a de facto "ghost paralegal" for David and has conspired with him to harass Goodman in multiple U.S. District Courts. Weaver is not an attorney and has no legal authority to draft briefs for litigants other than herself.

## THE COURT SHOULD NOT SANCTION GOODMAN

The sanctions imposed on Goodman should be lifted immediately. Their imposition was misguided and without basis. Goodman did not harass anyone or do anything illegal. Goodman did not violate any rule or commit any civil tort. The Court cites United States v. Aleo, et al. in describing bad faith, but overlooks the findings of the Sixth Circuit which stated, "Even if Freeman's motion was meritless, and even if Freeman should have known this, the court has not

AMENDED OBJECTION TO ORDER TO SHOW CAUSE AND MOTION TO DISMISS - 3

given any evidence to support its position that Freeman filed the motion to harass". *See United States v. Aleo, (6th Cir. 2012).* In Contrast to Freeman, Goodman's claims have merit, but similarly, the Court has presented no evidence supporting its allegations of intent to harass. Goodman contacted Court employees asking questions related to suspicion of criminal activity in violation of Michigan penal code section 750.248(1) and the filing of forged, ghost written and otherwise manipulated documents on the ECF docket.

Above all else, pursuant to Article II of the U.S. Constitution, the Executive Branch enforces laws created by the Legislative. Judge Drain violated the separation of powers doctrine and exceeded his Judicial authority by policing Goodman's legitimate interactions with Court personnel. The Court has no authority to police Goodman's behavior within the context of the law or to sanction Goodman for lawful acts made in good faith.

## BACKGROUND

On October 31, 2020, Webb filed a defective, time barred defamation lawsuit against Cable News Network ("Webb v CNN") in the Eastern District of Michigan ("MIED"). Less than a week later, his brother David moved to intervene and change the venue to the Southern District of New York ("SDNY"). David sued Goodman for more than three years (*See* 1:18-cv- 08653-VEC-SDA SDNY 2018) making a wide range of frivolous claims that evolved over time. On March 1, 2022, the case was voluntarily dismissed for no stated reason. Since then, filing activity in this instant action and in Webb v CNN has increased dramatically. David was admonished by judge Valerie Caproni (SDNY) for his frequent frivolous filings. Now with his case concluded, coincidentally, this pattern of excessive filing activity has reemerged. Goodman alleges David is ghost writing and filing pleadings as Webb, with help from Loury, Weaver and possibly others.

AMENDED OBJECTION TO ORDER TO SHOW CAUSE AND MOTION TO DISMISS - 4

Goodman first became acquainted with the Sweigert Brothers in 2017. Since then, he has been the target of five civil lawsuits in which one or both brothers have been directly involved. Goodman alleges that each of these cases were deliberately brought about and aggravated by the Sweigerts for an improper purpose to harass Goodman and extort money from him. In addition to suing Goodman, David has attempted to intervene and inappropriately interfere in every one of the actions against Goodman. He has publicly vowed to sue Goodman for the rest of his life for no stated reason. Goodman alleges the Sweigert Brothers conceived of Webb v CNN for the improper purpose of involving Goodman to harass him and extort money. Goodman further alleges the Sweigerts conspired with Loury and Weaver to draft and file pleadings on behalf of Webb, to abuse and deceive the Court, turning it into their personal weapon against Goodman.

## PDF DOCUMENT METADATA

Each PDF file stores data within itself ("metadata") describing detailed parameters of the digital document. The properties inspector in Adobe Acrobat Software reveals this metadata. Information includes the name of the person that authored the document, its creation date, modification date and information about the software used. Multiple commercial software providers including Microsoft, Apple, iText Group, Inc., Altasoft, Inc. and others license the Adobe PDF Software Development Kit ("SDK") and integrate PDF read/write functionality into their products. Virtually every modern computer user has access to some form of PDF document encoder and decoder and it may vary from system to system.

## AUTHOR OF A PDF DOCUMENT

It is important to clarify the distinction between Authoring ("Author") a PDF document and filing a PDF document. It is well understood that clerks are tasked with filing litigants' documents, but per Court rules, they are strictly prohibited from Authoring, editing, or otherwise

AMENDED OBJECTION TO ORDER TO SHOW CAUSE AND MOTION TO DISMISS - 5

assisting in the creation of documents. Non-attorneys are strictly prohibited from offering legal advice, drafting briefs, or filing on behalf of anyone but themselves. The Author of a filing should only be the litigant if pro se or otherwise their counsel. Downloading, duplicating, or filing a document does not alter PDF metadata or make the duplicator or filer the Author.

Typing a document and saving it as a PDF normally would make the typist the document's Author. Scanning a paper document and saving it as PDF makes the operator of the scanner the Author. Editing a PDF document by adding or removing pages, or combing documents and saving a new version, makes the Editor the Author. Unless the feature is disabled or the Author deliberately eliminates their own name, the information is automatically stored. Copying a PDF from one computer to another, including the server hosting the ECF docket, would not make the clerk who copied that file the Author. Webb must be compelled to present receipts from the Temporary Pro Se filing webpage as evidence that he personally filed.

**EVIDENCE OF IMPROPER FILINGS ON THE ECF DOCKET**

The document properties inspector of Adobe Acrobat Professional Software reveals that ECF No. 12, ECF No. 14 and ECF No. 44 were each authored by "RichardLoury", not pro se Plaintiff Webb as signed and sworn to under penalty of perjury. **(EXHIBIT B)**.

**ECF No. 11 and ECF No. 12**

The Court was previously alerted to the unexplained and improper appearance of Loury's name embedded in the internal metadata of ECF No. 12. On a telephone call, Loury's supervisor vaguely described circumstances under which Loury might interact with litigants' documents in ways that could cause his name to become associated with document metadata, however, these circumstances do not match the documents in question. ECF No. 12 is Webb's response to a show cause order that contemplated dismissal for failure to serve the defendant. Webb requested

AMENDED OBJECTION TO ORDER TO SHOW CAUSE AND MOTION TO DISMISS - 6

additional time and two summonses with which to serve CNN and its agent of record.  The Court responded affirmatively by issuing the summonses.  The document properties inspector indicates the first of two responsive summonses, ECF No. 11, was created on June 21, 2021, at 8:00 am using Dotimage PDF Encoder, modified with iText 7.1.6.  **(EXHIBIT C)**

No author is named on this document.  Inexplicably, the creation date of the document shows this response came more than one hour prior to plaintiff's request for it via ECF No. 12 which was created at 9:05 am on June 21, 2021.  **(EXHIBIT D)**

This proves that ECF No. 12 could not have been filed by Webb because the signed summons could only have been created by someone at the Court.  The request from Webb would not be known by the Court until it was filed via the Temporary Pro Se Filing web page and entered on the docket.  There is no logical explanation for this temporal anomaly aside from one person creating both documents and accidentally filing them out of order on the ECF docket.  If Webb properly filed ECF No. 12 on the Court's Temporary Pro Se Filing page, he would be in possession of the filing receipt as would the Court, but no evidence of it has been presented.

After Goodman initially raised this concern in an Amicus Brief filed July 20, 2021, Webb filed this instant action claiming the allegations were defamatory.  Webb's defective complaint sought a one hundred-thousand-dollar payment and to strike the claims and evidence in the Amicus brief from the record.  Even now, neither Webb nor the Court offer any explanation for the anomalous filing of ECF No. 12.  There is no explanation as to how or why Loury's name appears on Webb's filings, and no receipt from the Pro Se Filing website as proof of filing.

### ECF No. 13 and ECF No. 14

ECF No. 13 is the second of two summonses issued by the Court in response to Webb's request.  For no clear reason, this summons is issued the following day on June 22, 2021.  It is

AMENDED OBJECTION TO ORDER TO SHOW CAUSE AND MOTION TO DISMISS - 7

stamped with a rubber stamp indicating the date and signed by the administrative or deputy clerk before being entered on the docket. ECF No. 14 is the executed summons returned to the Court July 6, 2021 by Webb, signed by process server Chiquita Jackson. ECF No. 14 does not bear the rubber date stamp seen on ECF No. 13 and the clerk's signature appears in a different position on the signature line. ECF No. 14 is clearly not the same document, and the document properties inspector reveals this document was also Authored by "RichardLoury" using Adobe Acrobat Distiller 17.0 for Windows on July 6, 2021 at 11:09 am. No receipt from the Court's Temporary Pro Se filing website has been provided. No proof of USPS delivery is included with the filing. If the document were scanned and filed electronically by Webb, he should be indicated as the author and both Webb and the Court would be in possession of a pro se electronic filing receipt from the Court website. If the document were mailed and scanned at the Court, the scan should be made in 1 bit color depth (black and white only) as is standard procedure at the court. ECF No. 14 was scanned in color by "RichardLoury" according to document metadata.

### ECF No. 44

ECF No. 44 is Webb's amended complaint. Defendant CNN has responded in opposition to the amendment and provided adequate reason to do so. The amended complaint reads like a brief drafted by a lawyer or at least someone with competence in writing legal briefs. This is a stark contrast to ECF No. 6, drafted, signed, and mailed by Webb, which reads like a non-lawyer's stream of consciousness general complaint letter and fails to form a legal claim. The document properties inspector indicates ECF No. 44 was authored by "RichardLoury" using Adobe Acrobat Distiller 17.0 for Windows. All other electronically filed documents attributed to Webb that do not bear Loury's name indicate they were created using the Skia/PDF m100 Google Docs Renderer. All documents on the ECF docket of this and other U.S. District Courts

AMENDED OBJECTION TO ORDER TO SHOW CAUSE AND MOTION TO DISMISS - 8

that Goodman has observed indicate they were modified using iText. This appears to be a standardized tool used across all U.S. District Courts to add the blue stamp at the top indicating official entry on the docket and including the case number and ECF number. Adding the official Court information to documents using iText does not change the name of the original author but it does change the creation date of the document to reflect the time of the iText modification. Goodman has verified this completely consistent behavior across numerous filings in several U.S. District Courts including MIED, SDNY and EDVA.

**FRAUD UPON THE COURT**

Fraud on the court, or fraud upon the court, refers to a situation in which a material misrepresentation has been made to the Court with the intention to alter the outcome of a case or otherwise inappropriately influence the adversarial process. The term could also be used to refer to a situation in which a material misrepresentation has been made by the Court itself or an officer thereof. The overall defining requirement is that the impartiality of the Court has been disrupted so significantly that it cannot perform its tasks without bias or prejudice. Fraud on the Court can include, but may not be limited to:

- Fraud in the service of Court summons, such as withholding a court summons from an entitled party;
- Corruption or influence of a Court member or official, such as bribery;
- Judicial fraud;
- Intentionally failing to inform the parties of necessary appointments or requirements, as an effort to impede the judicial process; and/or
- Schemes considered to be unconscionable, as they attempt to deceive or make misrepresentations through the Court system.

AMENDED OBJECTION TO ORDER TO SHOW CAUSE AND MOTION TO DISMISS - 9

It is important to note that fraud on the Court only involves court officials, or officers of the court, such as judges, clerks, or court-appointed attorneys. The fraudulent activity must be directed at the "judicial machinery" itself as is the case with the alleged conspiracy to disrupt Webb v CNN. It would indeed be unconscionable if evidence on the public docket and in possession of the Court could prove Webb conspired with Loury and others to falsify and file ECF Nos. 12, 14 and 44 improperly. As Loury is an officer of the Court, any assistance given to Webb in his case against CNN would be grossly inappropriate and would undermine the Court's ability to properly adjudicate the matter. The Court must evaluate this evidence thoroughly in order to serve justice and make an unbiased determination in the case.

### ERRONIOUS CONCLUSIONS IN THE ORDER TO SHOW CAUSE

**The Court incorrectly concluded that there was a history of litigation between the parties**

The Court is in error when it cites a "history of acrimonious and vexatious litigation" between Goodman and Webb while referencing a case between Goodman and Webb's brother David. The Court incorrectly cited unrelated litigation that does not demonstrate an acrimonious history between the parties. This is a clear error and should be stricken from the record.

**The Court incorrectly concluded that Goodman "harassed" Court personnel**

The Order to Show Cause states that Goodman "has contacted Court personnel complaining about the manner in which pro se documents are filed on the Court's electronic case management docketing system." This is false. On June 28, 2021, Goodman contacted the court to make an inquiry about electronic filing procedures for pro se litigants. The person who answered the phone identified himself as Judge Parker's Case Manager. He said Loury was now the pro se litigation manager, and it was normal for him to file PDF documents on the docket for pro se litigants but absolutely forbidden for him to Author PDF documents for anyone.

AMENDED OBJECTION TO ORDER TO SHOW CAUSE AND MOTION TO DISMISS - 10

Goodman called the court again on June 30, 2021 and spoke with Loury. Loury admitted that he was aware of Webb v CNN and when directly asked "Have you interacted with George Webb Sweigert on this?" Loury responded, "yes I have" but then resisted further questions regarding the nature and purpose of that interaction. It may not be unusual for the Pro Se Litigation manager to speak or interact with a pro se litigant, but this is normally limited to answering procedural questions or inquires related to filing and local rules. To the best of Goodman's knowledge, no District Court in the United States allows Court employees, particularly not those who are not attorneys, to assist in the creation of litigants' documents.

On January 28, 2022 Webb filed an amended complaint in Webb v CNN *See ECF No. 44*. Once again, "RichardLoury" appears in the Author field of the document. **(EXHIBIT E)**

This second appearance of Loury's name prompted Goodman to call again. Due to the suspicious nature of Loury's answers during the first call, Goodman chose to contact him outside of Court hours, considering the possibility that the Court phones might be recorded, and Loury may be reluctant to talk at work. The call was extremely brief. After a polite greeting, Goodman asked how Loury's name got on ECF No. 44. Loury did not respond and immediately hung up.

In a phone call on February 1, 2022, Loury's supervisor stated without equivocation that Loury was empowered to edit litigants' documents in ways that included combining multi-document submissions into single filings, separating large submissions into multiple smaller files, and scanning mailed items. When asked, she could not clearly describe the circumstances, procedures or local rules that governed this process, nor could she cite the specific reason why Loury would have interceded to edit ECF No. 12, No. 14 or No. 44. It was not explained why Loury, or any other clerk, was not named as Author on ECF No. 6, a filing that was scanned after

AMENDED OBJECTION TO ORDER TO SHOW CAUSE AND MOTION TO DISMISS - 11

being sent via USPS by Webb.  These responses contradicted other clerks at the court and caused Goodman to believe Loury's supervisor either did not know the rules or was ignoring them.

To obtain clarity regarding the rules of the Court and clerks' ability to Author or edit PDF documents, Goodman contacted Essix because her name is published at the top of the Court's web site and Goodman believed her to be the supervisor of all clerks at the Court.  Goodman contacted her office by telephone several times over the course of many days.  Frustrated by the lack of response, Goodman utilized publicly available telephone directory websites seeking an alternate means of contacting the unresponsive Essix.  This resulted in an inadvertent call to her husband.  The call was brief and cordial.  A prompt response came from Essix which was also cordial.  Goodman explained the issue with ECF No. 12 and Essix said she would conduct her own investigation and get back to Goodman after that.  There has been no response from Essix.

### Goodman's Actions Do Not Satisfy the Elements of Harassment

Judge Drain's unfounded and false accusations of harassment must be stricken from the record.  Michigan Penal Code 750.411h(3) specifically states "Harassment does not include constitutionally protected activity or conduct that serves a legitimate purpose."  Goodman's allegations are made in good faith and based on unimpeachable evidence that has not been refuted or even addressed by the Court or the accused.  When Goodman filed his Amicus Brief in Webb v CNN, he received a Pro Se Document Submission receipt. **(EXHIBIT F)**

Webb offered no evidence in his defective Complaint.  The Court has also failed to produce evidence of any pro se electronic filing receipts along with its admonishment and illegal prior restraint of Goodman.  Goodman had a legitimate purpose to contact the Court and its uncooperative employees.  The persistently evasive nature of certain Court employees and their refusal to provide answers to legitimate questions gave Goodman reasonable motivation to

AMENDED OBJECTION TO ORDER TO SHOW CAUSE AND MOTION TO DISMISS - 12

exercise his legal rights to communicate with them and ultimately law enforcement. Goodman did not break any laws in obtaining the publicly published phone numbers of Court employees who refused to answer questions or return calls. Goodman did not intentionally contact any family member of any Court employee. Even if Goodman's telephone etiquette or investigative tactics are distasteful to Judge Drain or conversation participants as alleged, Goodman did nothing illegal and his actions do not rise to the level of harassment. No court employee received "repeated or continuing unconsented contact" as required by the Michigan Penal Code. Loury only received a second phone call from Goodman six months after the first when his name appeared inappropriately for a second time on ECF No. 44. The call was justified.

## PRIMA FACIE EVIDENCE OF CONSPIRACY TO COMMIT FRAUD

New documents filed after the Show Cause Order provide further evidence of an illicit conspiracy between Loury and the Sweigert Brothers. ECF No. 46 was allegedly filed by Webb on February 15, 2022. The document however bears the same January 25, 2022 date as ECF No. 44, Authored by "RichardLoury" according to document properties. An Errata Notice at ECF No. 47 corrects the date error later that same day on February 15, 2022. This does not match the pattern and practice of Webb's infrequent and wildly defective filings. This modus operandi matches David who has been admonished by Judge Valerie Caproni for similarly frequent, and duplicative filings. On information and belief, Goodman alleges the legally naïve Webb does not even know what an errata notice is or have the presence of mind to file one if he does. Goodman alleges David cooperated with Loury to file ECF Nos. 12 and 44 – 47 at least. Webb's failure to report this to the Court makes him complicit. No explanation has been given by Webb, Loury or the Court as to how or why Loury was required to interact with any of Webb's documents causing his name to become embedded in the metadata of the filing. Webb has not provided the

AMENDED OBJECTION TO ORDER TO SHOW CAUSE AND MOTION TO DISMISS - 13

email receipt from the Court's Temporary Pro Se Document Upload web page as proof of filing. Webb has not explained why he used electronic filing for ECF No. 1, USPS filing for ECF No. 6 and electronic filing for all other filings. The Court has failed to provide evidence in its own possession that could prove or disprove Goodman's allegations. Judge Drain's Order must be vacated and stricken from the record due to substantial errors and the extraordinary nature of the brazenly illegal prior restraint imposed on Goodman's inalienable rights and in violation of the authority vested in the Judicial branch. The Court must strike Judge Drain's clear errors and incorrect findings and seek the true evidence that will prove or disprove Goodman's well-founded, good faith allegations of conspiracy to commit fraud on the Court.

**CONCLUSION**

For the reasons stated herein, Goodman should not be sanctioned. Judge Drain's Show Cause Order must be vacated, and its false conclusions and illegal prior restraint of Goodman's Constitutional rights must be stricken from the record. Both this action and Webb v CNN should be dismissed with prejudice due to fraud on the Court and further investigation should be carried about by the appropriate authorities.

Signed this 17nd day of March 2022

Respectfully submitted,

                                           Jason Goodman, Defendant, Pro Se
                                                          252 7th Avenue Apt 6s
                                                             New York, NY 10001
                                                                   (323) 744-7594
                                                      truth@crowdsourcethetruth.org

AMENDED OBJECTION TO ORDER TO SHOW CAUSE AND MOTION TO DISMISS - 14