UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

GEORGE W. SWEIGERT

          Plaintiff,

vs.

JASON GOODMAN,

          Defendant

Case No.: 2:22-cv-10002-GAD-KGA

**JUDICIAL NOTICE**

      Pro Se Defendant Jason Goodman ("Goodman") comes now to provide Judicial Notice of a related filing in unrelated litigation pertaining to an order from Judge Valerie Caproni of the U.S. District Court for the Southern District of New York in The National Academy of Television Arts and Sciences et al v Multimedia System Design, Inc. ("NATAS v MSD") See Case 1:20-cv-07269-VEC-OTW ECF No. 156

      As noted before the deadline in an unnecessary filing by non-party David George Sweigert ("Sweigert") the Court is aware Goodman has been ordered to file the attached order **(EXHIBIT A)** with each lawsuit to which he is party.  Goodman also asks the Court take judicial notice of the appeal of this order filed March 20, 2022 in NATAS v MSD **(EXHIBIT B)** and the motion seeking clarification filed in Goodman v Sharp. **(EXHIBIT C)**

      Defendant Goodman further asks the Court to take judicial notice of Sweigert's inappropriate interest in this matter.  Sweigert and his brother George Webb Sweigert ("Webb") have fomented a multitude of lawsuits against Goodman since 2017.  Sweigert attempted to intervene in this matter previously and continues to show an abnormal interest in cases

JUDICIAL NOTICE                                              1

concerning Goodman. Sweigert has made public statements against his own interest describing a family history of clinically diagnosed and pharmaceutically treated schizophrenia. (See https://odysee.com/@CounterSpoliation:6/CIA-Dave-Acton-court-testimony-George-Webb-part1of2:c).  These statements and abnormal actions cause Goodman to believe Sweigert is mentally ill and a danger to himself, to Goodman and to the public.

Webb and Sweigert have antagonized Goodman in multiple U.S. District Courts around the country.  Goodman has filed an Amicus Brief in the Eastern District of Michigan providing prima facie evidence of a conspiracy between a federal employee of the court, Sweigert and Webb. **(EXHIBIT D)**


Signed this 21st day of March 2022

Respectfully submitted,

_____

Jason Goodman, Defendant, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org

JUDICIAL NOTICE                                                                                    2

**(EXHIBIT A)**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/22/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

THE NATIONAL ACADEMY OF TELEVISION :
ARTS AND SCIENCES, INC. and ACADEMY :
OF TELEVISION ARTS & SCIENCES, :
                                          :

                             Plaintiffs, :            20-CV-7269 (VEC)
                                          :

                -against-                     :                <u>ORDER</u>
                                            :

MULTIMEDIA SYSTEM DESIGN, INC. :
d/b/a "CROWDSOURCE THE TRUTH", :
                                          :

                                Defendant. :

-------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

       In late 2020, the National Academy of Television Arts and Sciences and the Academy of Television Arts & Sciences sued Multimedia System Design, Inc., d/b/a Crowdsource the Truth ("MSD") for violating its copyright and trademark on the Emmy statuette and for defamation. *See* Compl., Dkt. 1; *see also* Am. Compl., Dkt. 62. Thus began litigation that has now ended with a default judgment being entered against the Defendant following its failure to hire an attorney to represent it after its initial attorney was relieved. This Order addresses misconduct by the sole shareholder and employee of MSD, Jason Goodman, in connection with this litigation. Mr. Goodman is a conspiracy theorist who has an ongoing feud with D. George Sweigert ("Mr. Sweigert") that plays out, among other places, on the internet and via federal court litigation. *See, e.g.*, *Sweigert v. Goodman*, No. 18-CV-8653 (S.D.N.Y.).

       On December 18, 2020, MSD (represented at the time) and the Plaintiffs stipulated to a Protective Order that provided, *inter alia*: "no person subject to this Order may disclose . . . Confidential Discovery Material to anyone else except as this Order expressly permits." *See* Protective Order, Dkt. 41 at 2. On August 13, 2021, while a motion for sanctions was pending

against MSD, *see* Dkts. 63, 66, MSD's attorney sought to be relieved because he was purportedly afraid of Mr. Sweigert, *see* Dkts. 100, 101. The motion represented that the sole principal of MSD, Mr. Goodman, did not object to the attorney being relieved. The Court granted the attorney's request to be relieved and adjourned *sine die* MSD's time to respond to the outstanding motion for sanctions. *See* Orders, Dkts. 103, 104.

On August 24, 2021, just days after MSD's attorney had been relieved, Plaintiffs notified the Court via a sealed letter that Mr. Goodman had violated the Protective Order. *See* Pls. Ltr., Dkt. 109; *see also* Dkt. 113. Plaintiffs attached to their letter an email string that included (in chronological order): (1) part of an email dated June 4, 2021, from Mr. Sweigert, using the email address spoliation-notice@mailbox.org, to New York State's Attorney Grievance Committee complaining about MSD's attorney; (2) another email from Mr. Sweigert to the Grievance Committee, dated August 16, 2021, purporting to provide background information on the attorney's "disassociation from his client"; (3) an email from Mr. Sweigert dated August 23, 2021, to the New York Attorney General complaining about MSD and Jason Goodman; (4) an email, dated August 23, 2021 at 11:52 a.m., from Jason Goodman "to all recipients of David George Sweigert's malicious email," complaining about Mr. Sweigert and stating, *inter alia*, that Mr. Sweigert caused a "fraudulent email message to be sent to the National Academy of Television Arts and Sciences" from a specified email address (hereafter referred to as "the confidential email address") and that email message caused a lawsuit to be filed against Goodman[1]; (5) an August 23, 2021, responsive email from Larry Klayman (who is an attorney); and (6) an August 23, 2021, response from Mr. Goodman to Mr. Klayman, which was copied to more than thirty email addresses, including Plaintiffs' counsel and the confidential email address.

---

[1]    The reference to the lawsuit being filed against Mr. Goodman is apparently a reference to this lawsuit, which, in fact, was filed against MSD, not Mr. Goodman.

*See* Dkt. 109-1; *see also* Dkt. 113 at Ex. A.  In Mr. Goodman's August 23, 2021, response to Mr.

Klayman, Mr. Goodman explained that the goal of his 11:52 a.m. email had been to get the word

out that Mr. Sweigert is "crazy without saying anything that he can allege is defamatory."

Further, Mr. Goodman explained:

> I'm also planting the seed with [Plaintiffs'] lawyers that they're aligned with a crazy
> guy and if they don't unalign themselves it's gonna give me more evidence to show
> that they're working together.  I also sent this to [the confidential email address]
> first time I ever emailed that address.  Let's see if there's any response.  Now that
> I don't have an attorney whatever I do my attorney can't get sanctioned and I'm not
> even Pro Se so they could just yell at me and tell me not to do it again.

Dkt. 109-1 at 1; *see also* Dkt. 113 at Ex. A at 1.  After determining that neither Mr. Goodman

nor MSD were represented by Mr. Klayman, the Court ordered Mr. Goodman to show cause why

he should not be sanctioned for violating the Protective Order.  *See* Order, Dkt. 112.[2]  Mr.

Goodman asserted in his written response, "I did not know the email was subject to the

protection order. . . . I recall [MSD's former attorney] telling me that Plaintiff did something that

put the address into the public domain, but I cannot recall what that was. . . . Any improper

revelation was inadvertent and unintentional."  Response, Dkt. 114.  After receiving Mr.

Goodman's response and the Plaintiffs' reply, Dkt. 117, plus two more submissions from Mr.

Goodman, Dkts. 120, 121, the Court scheduled an evidentiary hearing, Dkt. 122.  The hearing

was held on October 25, 2021.  *See* Oct. 25, 2021 Hearing Tr., Dkt. 129.

Although his written response and the email that triggered this Order implicitly admitted

that he was aware that a Protective Order was in place, at the hearing, Mr. Goodman testified,

incredibly, that he was unsure whether he had known that there was a Protective Order in place

until Plaintiffs notified him in August that he had violated it.  *See id.* at 6:4–17.  Although his

---

[2]     The Court also ordered Plaintiffs to refile their August 24, 2021, letter publicly with the confidential email address redacted.  *See* Order, Dkt. 112.  Plaintiffs did so on August 26, 2021.  *See* Dkt. 113.

written response stated that he could not recall why he thought the confidential email address was public, at the time of the hearing, Mr. Goodman recalled being told by MSD's former attorney in May 2021 that the confidential email was no longer confidential because it had been spoken aloud during a deposition (which itself had been marked confidential in its entirety, *see id.* at 11:13–15) and Plaintiffs' counsel did not move to strike it from the record, *see id.* at 7:11–18, 9:7–15, 10:22–11:9, 18:1–6. At the same time, Mr. Goodman acknowledged that MSD's attorney had told him prior to being relieved that he could not simply email the confidential email address, *see id.* at 9:16–19, 10:22–24, 12:9–11, advice that would make no sense if the attorney had advised Mr. Goodman that it was no longer subject to the Protective Order.[3]

"Sanctions may be authorized by any of a number of rules or statutory provisions, or may be permissible on the basis of the court's inherent powers." *Sakon v. Andreo*, 119 F.3d 109, 113 (2d Cir. 1997). As relevant here, "district courts have the inherent power" to sanction a party "for bad faith conduct violating the court's orders." *S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991) ("[N]either is a federal court forbidden to sanction bad-faith conduct by means of the inherent power simply because that conduct could also be sanctioned under the statute or the Rules."). A court may impose sanctions under its inherent authority if it finds by "clear evidence that the conduct at issue is (1) entirely without color and (2) motivated by improper purposes." *Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009). "Conduct is entirely

---

[3]    Why the email address is confidential is not entirely clear. According to Plaintiffs' counsel, it is confidential because it communicated to Plaintiffs through a members-only email portal; thus, exposure of the email address could jeopardize the confidentiality of Plaintiffs' membership. *See* Oct. 25, 2021 Hearing Tr. at 32:9–33:1. While that argument may or may not have prevailed in the face of a defense request to the Court to remove it from the constraints of the Protective Order, the fact that Plaintiffs designated the email address as confidential has fueled Mr. Goodman's suspicion that his nemesis, Mr. Sweigert, used that email address to foment this litigation and that Plaintiffs are wrongfully trying to hide their association with him. *See id.* at 9:22–23, 16:1–9, 24:1–7, 41:16-42:10. The provenance of the email address and its role *vel non* in the genesis of this litigation are irrelevant to whether Mr. Goodman violated the Protective Order.

without color when it lacks any legal or factual basis." *Id.*; *see also Huebner v. Midland Credit Mgmt., Inc.*, 897 F.3d 42, 55 (2d Cir. 2018) ("A court may infer bad faith when a party undertakes frivolous actions that are 'completely without merit.'") (citation omitted).

Applying this standard, a sanction for Mr. Goodman's violation of the Protective Order is appropriate. The Protective Order was clear and unambiguous that "no person subject to this Order may disclose . . . Confidential Discovery Material to anyone else except as this Order expressly permits." *See* Dkt. 41 at 2. It is obvious from the face of Mr. Goodman's August 23, 2021 email that Mr. Goodman was well aware that the confidential email address was confidential. If he were not aware of that fact (that is, if his testimony at the hearing were truthful that he thought the email address was no longer confidential), his statement in the August 23, 2021 email — which he accidentally copied to a group of many people (including Plaintiffs' counsel)[4] — that his attorney "can't get sanctioned" for using and disclosing the confidential email address would make no sense. Accordingly, it is simply not plausible that Mr. Goodman misunderstood the situation. *See Petrisch v. JP Morgan Chase*, 789 F. Supp. 2d 437, 455 (S.D.N.Y. 2011); *see also Roberts v. Bennaceur*, 658 F. App'x 611, 615 (2d Cir. 2016) (summary order) (imposing sanctions based on numerous "misrepresentations" and "inadequate explanations" that demonstrated "bad faith throughout these proceedings") (citation omitted). Rather, Mr. Goodman's violation of the Protective Order was done willfully, with no legitimate purpose, to satisfy Mr. Goodman's desire to prove that Mr. Sweigert was behind the confidential

---

[4]     The Court can take judicial notice that the practice of hitting "reply all" on emails not infrequently results in emails being inadvertently sent to many recipients. The evidence that Mr. Goodman sent the email in question to the copyees inadvertently is that he promptly called Plaintiffs' counsel, asked her to delete the email, and characterized the email as having been sent inadvertently. *See* Dkt. 113 at Ex. B; *see also* Oct. 25, 2021 Hearing Tr. at 43:7–9 ("At the time I composed [the August 23, 2021, email] I understood it was a statement being made to private, to a friend[.]  [T]hat [*i.e.*, sending it to many recipients] was inadvertent.").

email address.[5]  For all of these reasons, the Court concludes that Mr. Goodman willfully violated the terms of the Protective Order and disregarded the authority of the Court.

The Court has considered what an appropriate sanction would be.  *See Macolor v. Libiran*, No. 14-CV-4555, 2015 WL 1267337, at *5 (S.D.N.Y. Mar. 18, 2015) (sanctions must be "no more severe than reasonably necessary to deter repetition" of the misconduct "or comparable conduct by similarly situated persons") (cleaned up).  By Order entered today, the underlying lawsuit has been terminated with a default judgment against MSD.  Nevertheless, given Mr. Goodman's propensity to become involved in litigation on both sides of the versus sign, the Court finds that an appropriate sanction is to require Mr. Goodman, for the next two years, to notify all other Courts in which he litigates and all other parties against whom or with whom he litigates that a Court has determined that he willfully violated a Protective Order during litigation.  *See, e.g.*, *Gallop v. Cheney*, 667 F.3d 226, 230 (2d Cir. 2012) (requiring sanctioned counsel "for a period of one year from the date of entry of this order, to provide notice of the sanctions imposed upon him in this case . . . to any federal court in this Circuit before which he appears or seeks to appear").  To accomplish this, Mr. Goodman must, until **February 22, 2024**, file a copy of this Order in every lawsuit in which he or any company in which he is a majority shareholder is a party.  This Order applies whether the lawsuit is in state court or federal court and whether Mr. Goodman or his company is represented or *pro se.*  Should he fail to do so, that would be a contempt of this Court's Order and would be punished accordingly.

Mr. Goodman must file a certification, under penalty of perjury, with this Court, not later than **March 22, 2022**, listing all cases in which he is engaged as of that date, and affirming that this Order has been filed in each case.  Thereafter, on the one-year anniversary of this Order,

---

[5]     Whether it was Mr. Sweigert who notified Plaintiffs of the misuse of the Emmy statuette is, of course, not relevant to whether MSD's actions violated Plaintiffs' intellectual property rights.

until and including 2024, Mr. Goodman must file a similar certification, under penalty of perjury, listing all cases in which he has been engaged since the prior certification, and affirming that the Order was filed in all of the cases.

The Clerk of Court is respectfully directed to mail a copy of this Order to Jason Goodman at: 252 7th Avenue #6s, New York, NY 10001.

**SO ORDERED.**

**Date:  February 22, 2022**
**New York, NY**

**VALERIE CAPRONI**
**United States District Judge**

**(EXHIBIT B)**

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

THE NATIONAL ACADEMY OF

TELEVISION ARTS AND SCIENCES, INC.

and ACADEMY OF TELEVISION ARTS &

SCIENCES,

          Plaintiff,

vs.

MULTIMEDIA SYSTEM DESIGN, INC.,

          Defendant

Case No.: 20-cv-07269-VEC-OTW

**NOTICE OF APPEAL**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:  _____
DATE FILED:  3/20/2022
```

      Notice is hereby given that JASON GOODMAN, Movant-Appellant, Proposed

Intervenor, Agent/Sole Shareholder for MULTIMEDIA SYSTEM DESIGN, INC., defendant in

the above-named case, hereby appeals to the United States Court of Appeals for the Second

Circuit from the order issued February 22, 2022 (*See* 1:20-cv-07269-VEC-OTW ECF No. 156).

Signed this 20th day of March 2022

Respectfully submitted,

                    _____

        Jason Goodman, Movant-Appellant, Proposed Intervenor, Pro Se
                           252 7th Avenue Apt 6s
                           New York, NY 10001
                           (323) 744-7594
                         truth@crowdsourcethetruth.org

**(EXHIBIT C)**

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JASON GOODMAN | Case No.: 1:21-cv-10627-VEC |
| Plaintiff, | |
| vs. | **NOTICE OF MOTION COMPLYING WITH ORDER 156 AND SEEKING CLARIFICATION FROM THE COURT AND AN EXTENSION OF TIME TO FILE CERTIFICATION** |
| ADAM SHARP, TERRANCE O'REILLY, FRANK SCHERMA, MARGARET ESQUENET, NATIONAL ACADEMY OF TELEVISION ARTS AND SCIENCES, INC., ACADEMY OF TELEVISION ARTS AND SCIENCES, INC., | |
| Defendants | |

Pro Se Plaintiff Jason Goodman ("Goodman") will file a motion to inform the Court of a required notification and seeking clarification to resolve an intractable conflict.

Signed this 20th day of March 2022

Respectfully submitted,

_____

Jason Goodman, Plaintiff, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org

PROPOSED AMENDED COMPLAINT FOR ABUSE OF PROCESS AND MISCONDUCT BY ATTORNEYS - 1

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

JASON GOODMAN

       Plaintiff,

vs.

ADAM SHARP, TERRANCE O'REILLY,
FRANK SCHERMA, MARGARET
ESQUENET, NATIONAL ACADEMY OF
TELEVISION ARTS AND SCIENCES, INC.,
ACADEMY OF TELEVISION ARTS AND
SCIENCES, INC.,

       Defendants

Case No.: 1:21-cv-10627-VEC

**MOTION SEEKING CLARIFICATION
FROM THE COURT AND AN
EXTENSION OF TIME TO FILE
CERTIFICATION**

       Pro Se Plaintiff Jason Goodman ("Goodman") comes now seeking clarification from the

Court to resolve an apparent legal conflict and obtain an extension of time to file the ordered

certification pending clarification of the order in Case 1:20-cv-07269-VEC-OTW ECF No. 156.

       The Court is aware Goodman has been ordered to file the attached order **(EXHIBIT A)**

with each lawsuit to which he is party and under penalty of perjury to file no later than March 22,

2022, a certification listing all cases in which he is engaged, including this instant action.  Since

the order is from Judge Caproni, she is the only person who can provide the necessary guidance.

       As the Court is also aware, an email address ("the confidential email address") related to

The National Academy of Television Arts and Sciences et al v Multimedia System Design, Inc

("NATAS v MSD") was deemed confidential in a stipulated order of protection ("SOP") which

stated in part "no person subject to this Order may disclose . . .Confidential Discovery Material".

PROPOSED AMENDED COMPLAINT FOR ABUSE OF PROCESS AND MISCONDUCT
BY ATTORNEYS - 1

The legal question arises from the empirical fact that the confidential email address was no longer confidential on May 15, 2021, when it was published on the public docket in the transcript of a conference from that litigation. (*See* 1:20-cv-07269-VEC-OTW ECF No. 69). It cannot be denied that it is impossible for something to be both published to the public and simultaneously confidential. The confidential email address ceased being confidential discovery material when it became public domain information and was no longer subject to the terms of the SOP. Goodman was aware of this three months prior to his publication of the address.

Judge Caproni has arrived at various conclusions regarding Goodman's thoughts that do not comport with Goodman's actual thoughts. This matter should not be decided on subjective interpretations of what may or may not have been understood or intended. The empirical facts in this matter indicate that Goodman did not violate the SOP and therefore compelling him to enter pleadings in U.S. District courts claiming he did would be compelling perjury.

Judge Caproni's order fails to consider the fact that Sam Eicherner ("Eichner") revealed the confidential email address, and it was published in the transcript on the public docket which changed it from confidential discovery material to public domain information. This oversight is a clear error and warrants reconsideration, clarification, and a resolution of this perjury paradox.

Goodman accurately recalled at the October 2021 show cause hearing that his attorney Snyder told him the email address was in the public domain after Eichner revealed it. Goodman agrees with the Court that Snyder's refusal to pursue the address and anger at Goodman's desire to do so is contradictory and makes no sense, but Goodman cannot explain Snyder's motives. Even if Goodman testified clumsily at the October show cause hearing, it cannot go unmentioned

PROPOSED AMENDED COMPLAINT FOR ABUSE OF PROCESS AND MISCONDUCT BY ATTORNEYS - 2

that Judge Caproni compelled him to testify without preparation or representation. Goodman has

been denied justice and has not been allowed to defend his testimony pro se.

Whatever anyone believes or disbelieves about Goodman's state of mind, intent, or

previous testimony, it is undeniable that the confidential email address was no longer

confidential in August 2021 when Goodman responded to an email from non-party Sweigert.

Compelling Goodman under penalty of perjury to inform a U.S. District Court that he

violated the SOP for the reasons stated is compelling Goodman to knowingly make a false

statement. This legal paradox causes Goodman to seek guidance from the Court and to

respectfully request the Court reconsider the empirical fact that Goodman did not violate the

SOP. Eichner revealed the information and placed it in the public domain removing it from the

control of the SOP prior to Goodman's publication of it.

Signed this 20th day of March 2022

Respectfully submitted,

_____

Jason Goodman, Plaintiff, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org

PROPOSED AMENDED COMPLAINT FOR ABUSE OF PROCESS AND MISCONDUCT
BY ATTORNEYS - 3

**(EXHIBIT A)**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

THE NATIONAL ACADEMY OF TELEVISION :
ARTS AND SCIENCES, INC. and ACADEMY :
OF TELEVISION ARTS & SCIENCES, :
  :
                    Plaintiffs, :
  :
      -against- :
  :
MULTIMEDIA SYSTEM DESIGN, INC. :
d/b/a "CROWDSOURCE THE TRUTH", :
  :
                    Defendant. :

---------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/22/2022

20-CV-7269 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

In late 2020, the National Academy of Television Arts and Sciences and the Academy of Television Arts & Sciences sued Multimedia System Design, Inc., d/b/a Crowdsource the Truth ("MSD") for violating its copyright and trademark on the Emmy statuette and for defamation. *See* Compl., Dkt. 1; *see also* Am. Compl., Dkt. 62. Thus began litigation that has now ended with a default judgment being entered against the Defendant following its failure to hire an attorney to represent it after its initial attorney was relieved. This Order addresses misconduct by the sole shareholder and employee of MSD, Jason Goodman, in connection with this litigation. Mr. Goodman is a conspiracy theorist who has an ongoing feud with D. George Sweigert ("Mr. Sweigert") that plays out, among other places, on the internet and via federal court litigation. *See, e.g.*, *Sweigert v. Goodman*, No. 18-CV-8653 (S.D.N.Y.).

On December 18, 2020, MSD (represented at the time) and the Plaintiffs stipulated to a Protective Order that provided, *inter alia*: "no person subject to this Order may disclose . . . Confidential Discovery Material to anyone else except as this Order expressly permits." *See* Protective Order, Dkt. 41 at 2. On August 13, 2021, while a motion for sanctions was pending

against MSD, *see* Dkts. 63, 66, MSD's attorney sought to be relieved because he was purportedly afraid of Mr. Sweigert, *see* Dkts. 100, 101. The motion represented that the sole principal of MSD, Mr. Goodman, did not object to the attorney being relieved. The Court granted the attorney's request to be relieved and adjourned *sine die* MSD's time to respond to the outstanding motion for sanctions. *See* Orders, Dkts. 103, 104.

On August 24, 2021, just days after MSD's attorney had been relieved, Plaintiffs notified the Court via a sealed letter that Mr. Goodman had violated the Protective Order. *See* Pls. Ltr., Dkt. 109; *see also* Dkt. 113. Plaintiffs attached to their letter an email string that included (in chronological order): (1) part of an email dated June 4, 2021, from Mr. Sweigert, using the email address spoliation-notice@mailbox.org, to New York State's Attorney Grievance Committee complaining about MSD's attorney; (2) another email from Mr. Sweigert to the Grievance Committee, dated August 16, 2021, purporting to provide background information on the attorney's "disassociation from his client"; (3) an email from Mr. Sweigert dated August 23, 2021, to the New York Attorney General complaining about MSD and Jason Goodman; (4) an email, dated August 23, 2021 at 11:52 a.m., from Jason Goodman "to all recipients of David George Sweigert's malicious email," complaining about Mr. Sweigert and stating, *inter alia*, that Mr. Sweigert caused a "fraudulent email message to be sent to the National Academy of Television Arts and Sciences" from a specified email address (hereafter referred to as "the confidential email address") and that email message caused a lawsuit to be filed against Goodman[1]; (5) an August 23, 2021, responsive email from Larry Klayman (who is an attorney); and (6) an August 23, 2021, response from Mr. Goodman to Mr. Klayman, which was copied to more than thirty email addresses, including Plaintiffs' counsel and the confidential email address.

---

[1]    The reference to the lawsuit being filed against Mr. Goodman is apparently a reference to this lawsuit, which, in fact, was filed against MSD, not Mr. Goodman.

*See* Dkt. 109-1; *see also* Dkt. 113 at Ex. A.  In Mr. Goodman's August 23, 2021, response to Mr. Klayman, Mr. Goodman explained that the goal of his 11:52 a.m. email had been to get the word out that Mr. Sweigert is "crazy without saying anything that he can allege is defamatory." Further, Mr. Goodman explained:

> I'm also planting the seed with [Plaintiffs'] lawyers that they're aligned with a crazy guy and if they don't unalign themselves it's gonna give me more evidence to show that they're working together.  I also sent this to [the confidential email address] first time I ever emailed that address.  Let's see if there's any response.  Now that I don't have an attorney whatever I do my attorney can't get sanctioned and I'm not even Pro Se so they could just yell at me and tell me not to do it again.

Dkt. 109-1 at 1; *see also* Dkt. 113 at Ex. A at 1.  After determining that neither Mr. Goodman nor MSD were represented by Mr. Klayman, the Court ordered Mr. Goodman to show cause why he should not be sanctioned for violating the Protective Order.  *See* Order, Dkt. 112.[2]  Mr. Goodman asserted in his written response, "I did not know the email was subject to the protection order. . . . I recall [MSD's former attorney] telling me that Plaintiff did something that put the address into the public domain, but I cannot recall what that was. . . . Any improper revelation was inadvertent and unintentional."  Response, Dkt. 114.  After receiving Mr. Goodman's response and the Plaintiffs' reply, Dkt. 117, plus two more submissions from Mr. Goodman, Dkts. 120, 121, the Court scheduled an evidentiary hearing, Dkt. 122.  The hearing was held on October 25, 2021.  *See* Oct. 25, 2021 Hearing Tr., Dkt. 129.

Although his written response and the email that triggered this Order implicitly admitted that he was aware that a Protective Order was in place, at the hearing, Mr. Goodman testified, incredibly, that he was unsure whether he had known that there was a Protective Order in place until Plaintiffs notified him in August that he had violated it.  *See id.* at 6–17.  Although his

---

[2]     The Court also ordered Plaintiffs to refile their August 24, 2021, letter publicly with the confidential email address redacted.  *See* Order, Dkt. 112.  Plaintiffs did so on August 26, 2021.  *See* Dkt. 113.

written response stated that he could not recall why he thought the confidential email address was public, at the time of the hearing, Mr. Goodman recalled being told by MSD's former attorney in May 2021 that the confidential email was no longer confidential because it had been spoken aloud during a deposition (which itself had been marked confidential in its entirety, *see id.* at 11:13–15) and Plaintiffs' counsel did not move to strike it from the record, *see id.* at 7:11–18, 9:7–15, 10:22–11:9, 18:1–6. At the same time, Mr. Goodman acknowledged that MSD's attorney had told him prior to being relieved that he could not simply email the confidential email address, *see id.* at 9:16–19, 10:22–24, 12:9–11, advice that would make no sense if the attorney had advised Mr. Goodman that it was no longer subject to the Protective Order.[3]

"Sanctions may be authorized by any of a number of rules or statutory provisions, or may be permissible on the basis of the court's inherent powers." *Sakon v. Andreo*, 119 F.3d 109, 113 (2d Cir. 1997). As relevant here, "district courts have the inherent power" to sanction a party "for bad faith conduct violating the court's orders." *S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991) ("[N]either is a federal court forbidden to sanction bad-faith conduct by means of the inherent power simply because that conduct could also be sanctioned under the statute or the Rules."). A court may impose sanctions under its inherent authority if it finds by "clear evidence that the conduct at issue is (1) entirely without color and (2) motivated by improper purposes." *Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009). "Conduct is entirely

---

[3]     Why the email address is confidential is not entirely clear. According to Plaintiffs' counsel, it is confidential because it communicated to Plaintiffs through a members-only email portal; thus, exposure of the email address could jeopardize the confidentiality of Plaintiffs' membership. *See* Oct. 25, 2021 Hearing Tr. at 32:9–33:1. While that argument may or may not have prevailed in the face of a defense request to the Court to remove it from the constraints of the Protective Order, the fact that Plaintiffs designated the email address as confidential has fueled Mr. Goodman's suspicion that his nemesis, Mr. Sweigert, used that email address to foment this litigation and that Plaintiffs are wrongfully trying to hide their association with him. *See id.* at 9:22–23, 16:1–9, 24:1–7, 41:16-42:10. The provenance of the email address and its role *vel non* in the genesis of this litigation are irrelevant to whether Mr. Goodman violated the Protective Order.

4

without color when it lacks any legal or factual basis." *Id.*; *see also Huebner v. Midland Credit Mgmt., Inc.*, 897 F.3d 42, 55 (2d Cir. 2018) ("A court may infer bad faith when a party undertakes frivolous actions that are 'completely without merit.'") (citation omitted).

Applying this standard, a sanction for Mr. Goodman's violation of the Protective Order is appropriate. The Protective Order was clear and unambiguous that "no person subject to this Order may disclose . . . Confidential Discovery Material to anyone else except as this Order expressly permits." *See* Dkt. 41 at 2. It is obvious from the face of Mr. Goodman's August 23, 2021 email that Mr. Goodman was well aware that the confidential email address was confidential. If he were not aware of that fact (that is, if his testimony at the hearing were truthful that he thought the email address was no longer confidential), his statement in the August 23, 2021 email — which he accidentally copied to a group of many people (including Plaintiffs' counsel)[4] — that his attorney "can't get sanctioned" for using and disclosing the confidential email address would make no sense. Accordingly, it is simply not plausible that Mr. Goodman misunderstood the situation. *See Petrisch v. JP Morgan Chase*, 789 F. Supp. 2d 437, 455 (S.D.N.Y. 2011); *see also Roberts v. Bennaceur*, 658 F. App'x 611, 615 (2d Cir. 2016) (summary order) (imposing sanctions based on numerous "misrepresentations" and "inadequate explanations" that demonstrated "bad faith throughout these proceedings") (citation omitted). Rather, Mr. Goodman's violation of the Protective Order was done willfully, with no legitimate purpose, to satisfy Mr. Goodman's desire to prove that Mr. Sweigert was behind the confidential

---

[4]  The Court can take judicial notice that the practice of hitting "reply all" on emails not infrequently results in emails being inadvertently sent to many recipients. The evidence that Mr. Goodman sent the email in question to the copyees inadvertently is that he promptly called Plaintiffs' counsel, asked her to delete the email, and characterized the email as having been sent inadvertently. *See* Dkt. 113 at Ex. B; *see also* Oct. 25, 2021 Hearing Tr. at 43:7–9 ("At the time I composed [the August 23, 2021, email] I understood it was a statement being made to private, to a friend[.] [T]hat [*i.e.*, sending it to many recipients] was inadvertent.").

email address.[5]  For all of these reasons, the Court concludes that Mr. Goodman willfully

violated the terms of the Protective Order and disregarded the authority of the Court.

    The Court has considered what an appropriate sanction would be.  *See Macolor v.*

*Libiran*, No. 14-CV-4555, 2015 WL 1267337, at *5 (S.D.N.Y. Mar. 18, 2015) (sanctions must

be "no more severe than reasonably necessary to deter repetition" of the misconduct "or

comparable conduct by similarly situated persons") (cleaned up).  By Order entered today, the

underlying lawsuit has been terminated with a default judgment against MSD.  Nevertheless,

given Mr. Goodman's propensity to become involved in litigation on both sides of the versus

sign, the Court finds that an appropriate sanction is to require Mr. Goodman, for the next two

years, to notify all other Courts in which he litigates and all other parties against whom or with

whom he litigates that a Court has determined that he willfully violated a Protective Order during

litigation.  *See, e.g.*, *Gallop v. Cheney*, 667 F.3d 226, 230 (2d Cir. 2012) (requiring sanctioned

counsel "for a period of one year from the date of entry of this order, to provide notice of the

sanctions imposed upon him in this case . . . to any federal court in this Circuit before which he

appears or seeks to appear").  To accomplish this, Mr. Goodman must, until **February 22, 2024**,

file a copy of this Order in every lawsuit in which he or any company in which he is a majority

shareholder is a party.  This Order applies whether the lawsuit is in state court or federal court

and whether Mr. Goodman or his company is represented or *pro se.*  Should he fail to do so, that

would be a contempt of this Court's Order and would be punished accordingly.

    Mr. Goodman must file a certification, under penalty of perjury, with this Court, not later

than **March 22, 2022**, listing all cases in which he is engaged as of that date, and affirming that

this Order has been filed in each case.  Thereafter, on the one-year anniversary of this Order,

---

[5]      Whether it was Mr. Sweigert who notified Plaintiffs of the misuse of the Emmy statuette is, of course, not
relevant to whether MSD's actions violated Plaintiffs' intellectual property rights.

until and including 2024, Mr. Goodman must file a similar certification, under penalty of perjury,

listing all cases in which he has been engaged since the prior certification, and affirming that the

Order was filed in all of the cases.

The Clerk of Court is respectfully directed to mail a copy of this Order to Jason Goodman

at: 252 7th Avenue #6s, New York, NY 10001.


**SO ORDERED.**

**Date:  February 22, 2022**                                       **VALERIE CAPRONI**
**New York, NY**                                                     **United States District Judge**

**(EXHIBIT D)**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

GEORGE SWEIGERT

        Plaintiff,

vs.

CABLE NEWS NETWORK, INC.,

        Defendant

Case No.: 20-cv-12933-GAD-KGA

**MOTION SEEKING LEAVE TO FILE
AMENDED AMICUS CURIAE BRIEF**

       Jason Goodman, pro se non-attorney, non-party to this case comes now as a friend of the

Court seeking leave to file an amended Amicus Curiae brief including newly discovered, prima

facie evidence of a conspiracy to commit fraud on the Court and defendant Cable News

Network, Inc. ("CNN"). This fraud was aimed directly at the "judicial machinery" with the

intention of disrupting the impartiality of the Court substantially preventing it from performing

its tasks without bias or prejudice. The Amicus Curiae brief attached hereto contains new

empirical evidence that is likely to prove that Plaintiff conspired with an officer of the Court and

other third parties to commit this fraud in violation of Michigan penal code Section 750.248(1)

and with the intention of affecting the outcome of this and other cases in U.S. District Courts in

other states. Goodman has a unique perspective on these empirical facts that are necessary for

the Court to consider in the proper service of justice in this matter.

Signed this 14th day of March 2022

_____

Jason Goodman, Amicus Curiae, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org.

MOTION SEEKING LEAVE TO FILE AMENDED AMICUS CURIAE BRIEF - 1

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

George Webb Sweigert,

                Plaintiffs,

v.

Cable News Network, Inc.,

                Defendants.

Case No. :20-cv-12933-GAD-KGA

Honorable Gershwin A. Drain

---

## AMENDED BRIEF OF *AMICUS CURIAE* JASON GOODMAN
## IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Jason Goodman

252 7th Avenue #6s

New York, NY 10001

(323) 744-7594

truth@crowdsourcethetruth.org

Pro Se

Robin Luce Herrmann (P46880)

Jennifer A. Dukarski (P74257)

Javon R. David (P78214)

BUTZEL LONG, a professional corporation

Attorneys for Defendant Cable News

Network, Inc.

41000 Woodward Avenue

Stoneridge West

Bloomfield Hills, MI 48304 (248) 258-1616

Luce-Herrmann@butzel.com

Dukarski@butzel.com

Davidj@butzel.com

**AMICUS CURIAE BACKGROUND AND INTEREST IN THE CASE**

Jason Goodman ("Goodman") is a non-attorney and non-party to this case. He is the creator of internet-based news, opinion, and entertainment talk show Crowdsource the Truth. Since 2017, Goodman has been the target of cyber harassment, cyber stalking and five separate vexatious lawsuits brought about by family members and other associates of the plaintiff in this instant action. Goodman is a journalist, cinematographer, and former Hollywood visual effects expert. He is a software applications specialist with 36 years of experience in computer graphics imaging and an expert knowledge in a wide range of file formats including Joint Photographic Experts Group (JPEG) and Adobe Portable Document Format (PDF). For a period of approximately three months during 2017, Goodman collaborated with Webb on a series of video productions. Since then, Goodman has been the target of vexatious litigation emanating from the plaintiff, his brother, and their various associates. Goodman comes now as a friend of the court to share empirical evidence from the Court's own docket that is likely to prove the plaintiff and others conspired with at least one officer of the Court to make material misrepresentations and directly attack the judicial machinery with malicious intent so significant as to prevent the Court's performance of judicial tasks without bias or prejudice. Plaintiff and his co-conspirators acted in violation of Michigan penal code section 750.248(1) which states "A person who falsely makes, alters, forges, or counterfeits a public record, or a certificate, return, or attestation of a clerk of a court[,] or other property with intent to injure or defraud another person is guilty of a felony punishable by imprisonment for not more than 14 years." This illicit conspiracy made multiple forged filings under penalty of perjury with the intent to abuse the legal process, deceive the Court, defraud the defendant, and improperly involve Goodman in frivolous litigation. Goodman seeks to end the plaintiff's abuse of the U.S. District Court system and the perpetual

plague of ongoing frivolous litigation against him.  Goodman has a unique perspective on the facts and evidence described herein.  The proper service of justice requires the Court to fully review the evidence in this Amicus Curiae brief before rendering a final decision in this matter.

**PARTIES AND NON-PARTIES**

George Webb Sweigert ("Webb") is the pro se plaintiff in this matter.  Webb is not an attorney, has no legal training and has a history of filing defective, frivolous pro se cases that get dismissed; See George Sweigert v. John Podesta, et al, SWEIGERT et al v. PEREZ et al, SWEIGERT et al v. PODESTA et al, SWEIGERT v. MCCABE et al.

Cable News Network, Inc. ("CNN") is the defendant in this matter, an internationally recognized news organization that has published multiple reports highly critical of Webb.

Non-party David George Sweigert ("David") is Webb's brother (hereinafter collectively referenced as "Sweigert Brothers" or "Sweigerts").  David is not admitted to the Bar but, by his own admission has attended one semester of law school.  Since 2017, David has drafted thousands of pages and made hundreds of frivolous filings in an aggressive, continuous, and ongoing campaign to harass Goodman and disrupt his ability to conduct business.  David is also a retired Air Force IT specialist, professional hacker, social engineer, and author of The Ethical Hacker's Field Operations Guide (https://drive.google.com/file/d/1BeVtzd7TKGpMvNonaUdD-Ls2RlGJm7JM/view?usp=sharing).  The book is a detailed manual that describes tactics and methods for sending and receiving clandestine messages, penetrating complex computer networks, and evading detection among other things.

Non-party Richard Loury ("Loury") is believed to be the Pro Se Litigation Administrator at the Court and the Author of ECF No. 12, ECF No. 14, and ECF No. 44 in Sweigert v Cable

News Network (*See* 2-20-cv-12933-GAD-KGA) as revealed by the document properties inspector of Adobe Acrobat Professional software.

Non-party Jacquelyn Weaver ("Weaver") is an associate of David and the author of a "lawfare blog" https://trackingmeroz.wordpress.com/.  Weaver's blog is used to publish and amplify false claims made by David in privileged legal filings against Goodman.  It is also an indexed library of every case against Goodman and includes theory, commentary and case law citations used by David in harassing litigation.  Weaver is a de facto "ghost paralegal" for David and has conspired with him to harass Goodman in multiple U.S. District Courts.  Weaver is not an attorney and has no legal authority to draft briefs for litigants other than herself.

## STATEMENT OF FACTS

On October 31, 2020, Webb filed a defective, time barred defamation claim against Cable News Network ("Webb v CNN") in the Eastern District of Michigan ("MIED").  Less than one week later, Webb's brother David moved to intervene and change the venue to the Southern District of New York ("SDNY").  As Plaintiff in Sweigert v Goodman, (*See* 1:18-cv- 08653-VEC-SDA SDNY 2018) David sued Goodman for more than three years making a wide range of frivolous claims that evolved dramatically over time.  On March 1, 2022, the case was voluntarily dismissed for no stated reason.  Since then, filing activity in this instant action and in Sweigert v Goodman (*See* 2:22-cv-10002-GAD-KGA MIED 2022) has increased dramatically.  David was admonished by judge Valerie Caproni (SDNY) for his frequent, duplicative, and frivolous filings.  Now with that case concluded, coincidentally, this identical pattern of activity has emerged here.  On information and belief, Goodman alleges David is ghost writing and filing pleadings falsely claiming to be Webb, with the assistance of Loury, Weaver and possibly others.

Goodman first became acquainted with the Sweigert Brothers in 2017. Since then, he has become the target of five separate civil lawsuits in which one or both brothers have been directly involved. Goodman alleges these cases were deliberately brought about and aggravated by the Sweigerts for an improper purpose to harass Goodman and extort money from him. In addition to suing Goodman, David has attempted to intervene in or otherwise inappropriately interfere with every one of the actions against Goodman and has publicly vowed to sue Goodman for the rest of his life for no stated reason. On information and belief, Goodman alleges the Sweigert Brothers conceived of Webb v CNN for the inappropriate purpose of involving Goodman strictly to harass him and extort money. Goodman further alleges the Sweigert Brothers conspired with Loury and Weaver to improperly draft and file pleadings on behalf of Webb and to abuse and deceive the Court in an illicit effort to turn it into their own personal weapon against Goodman.

### EVIDENCE OF IMPROPER FILINGS ON THE ECF DOCKET

The document properties inspector of Adobe Acrobat Professional Software reveals that ECF No. 12, ECF No. 14 and ECF No. 44 were each authored by "RichardLoury", not pro se Plaintiff Webb as signed and sworn to under penalty of perjury. **(EXHIBIT A)**.

### ECF No. 11 and ECF No. 12

The Court was previously alerted to the unexplained and improper appearance of Loury's name embedded in the internal metadata of ECF No. 12. On a telephone call, Loury's supervisor vaguely described circumstances under which Loury might interact with litigants' documents in ways that could cause his name to become associated with document metadata, however, these circumstances do not match the documents in question. ECF No. 12 is Webb's response to a show cause order that threatened to dismiss the case for failure to serve the defendant. Webb requested additional time and two summonses with which to serve CNN and its agent of record.

AMENDED BRIEF OF AMICUS CURIAE JASON GOODMAN IN SUPPORT OF          -   5
DEFENDANT'S MOTION TO DISMISS

The Court responded affirmatively by issuing the summonses.  The document properties inspector indicates the first of two responsive summonses, ECF No. 11, was created on June 21, 2021, at 8:00 am using Dotimage PDF Encoder, modified with iText 7.1.6.  **(EXHIBIT B)**

No author is named on this document.  Inexplicably, the creation date of the document shows this response came more than one hour prior to plaintiff's request for it via ECF No. 12 which was created at 9:05 am on June 21, 2021.  **(EXHIBIT C)**

This proves that ECF No. 12 could not have been filed by Webb because the signed summons could only have been created by someone at the Court.  The request from Webb would not be known by the Court until it was filed via the Temporary Pro Se Filing web page and entered on the docket.  There is no logical explanation for this temporal anomaly aside from one person creating both documents and accidentally filing them out of order on the ECF docket.  If Webb properly filed ECF No. 12 on the Court's Temporary Pro Se Filing page, he would be in possession of the filing receipt as would the Court.  No such evidence has been presented.

After Goodman initially raised this concern in an Amicus Brief filed July 20 2021, Webb filed a new suit against Goodman claiming the allegations were defamatory.  Webb's defective complaint sought a one hundred-thousand-dollar payment and to strike the claims and evidence in the Amicus brief from the record.  *See* Sweigert v Goodman 22-cv-10002-GAD-KGA.  Webb offers no explanation for the anomalous filing of ECF No. 12, no explanation as to how or why Loury's name could appear on his filings, and no receipt from the Court as proof of filing.

### ECF No. 13 and ECF No. 14

ECF No. 13 is the second of two summonses issued by the Court in response to Webb's request.  For no clear reason, this summons is issued the following day on June 22, 2021.  It is stamped with a rubber stamp indicating the date and signed by the administrative or deputy clerk

before being entered on the docket.  ECF No. 14 is the executed summons returned to the Court July 6, 2021 by Webb, signed by process server Chiquita Jackson.  ECF No. 14 does not bear the rubber date stamp seen on ECF No. 13 and the clerk's signature appears in a different position on the signature line.  ECF No. 14 is clearly not the same document, and the document properties inspector reveals this document was also Authored by "RichardLoury" using Adobe Acrobat Distiller 17.0 for Windows on July 6, 2021 at 11:09 am.  No receipt from the Court's Temporary Pro Se filing website has been provided.  No proof of USPS delivery is included with the filing. If the document were scanned and filed electronically by Webb, he should be indicated as the author and both Webb and the Court would be in possession of a pro se electronic filing receipt from the Court website.  If the document were mailed and scanned at the Court, the scan should be made in 1 bit color depth (black and white only) as is standard procedure at the court.  ECF No. 14 was scanned in color by "RichardLoury" according to document metadata.

### ECF No. 44

ECF No. 44 is Webb's amended complaint.  Defendant CNN has responded in opposition to the amendment and provided adequate reason to do so.  The amended complaint reads like a brief drafted by a lawyer or at least someone with competence in writing legal briefs.  This is a stark contrast to ECF No. 6, drafted, signed, and mailed by Webb, which reads like a non-lawyer's stream of consciousness general complaint letter and fails to form a legal claim.  The document properties inspector indicates ECF No. 44 was authored by "RichardLoury" using Adobe Acrobat Distiller 17.0 for Windows.  All other electronically filed documents attributed to Webb that do not bear Loury's name indicate they were created using the Skia/PDF m100 Google Docs Renderer.  All documents on the ECF docket of this and other U.S. District Courts that Goodman has observed indicate they were modified using iText.  This appears to be a

AMENDED BRIEF OF AMICUS CURIAE JASON GOODMAN IN SUPPORT OF          -   7
DEFENDANT'S MOTION TO DISMISS

standardized tool used across all U.S. District Courts to add the blue stamp at the top indicating

official entry on the docket and including the case number and ECF number. Adding the official

Court information to documents using iText does not change the name of the original author but

it does change the creation date of the document to reflect the time of the iText modification.

Goodman has verified this completely consistent behavior across numerous filings in several

U.S. District Courts including MIED, SDNY and EDVA.

## FRAUD UPON THE COURT

Fraud on the court, or fraud upon the court, refers to a situation in which a material

misrepresentation has been made to the Court with the intention to alter the outcome of a case or

otherwise inappropriately influence the adversarial process. The term could also be used to refer

to a situation in which a material misrepresentation has been made by the Court itself or an

officer thereof. The overall defining requirement is that the impartiality of the Court has been

disrupted so significantly that it cannot perform its tasks without bias or prejudice. Fraud on the

Court can include, but may not be limited to:

- Fraud in the service of Court summons, such as withholding a court summons from an entitled party;

- Corruption or influence of a Court member or official, such as bribery;

- Judicial fraud;

- Intentionally failing to inform the parties of necessary appointments or requirements, as an effort to impede the judicial process; and/or

- Schemes considered to be unconscionable, as they attempt to deceive or make misrepresentations through the Court system.

It is important to note that fraud on the Court only involves court officials, or officers of the court, such as judges, clerks, or court-appointed attorneys. The fraudulent activity must be directed at the "judicial machinery" itself as is the case with the alleged conspiracy to disrupt Webb v CNN. It would indeed be unconscionable if evidence on the public docket and in possession of the Court could prove Webb conspired with Loury and others to falsify and file ECF Nos. 12, 14 and 44 improperly. As Loury is an officer of the Court, any assistance given to Webb in his case against CNN would be grossly inappropriate and would undermine the Court's ability to properly adjudicate the matter. The Court must evaluate this evidence thoroughly in order to serve justice and make an unbiased determination in the case.

## CONCLUSION

For the reasons stated in Defendant's motion to dismiss and further for the foregoing reasons, Defendant's motion to dismiss should be granted. Additionally, Amicus Curiae Goodman prays the court will further investigate this matter relating to a conspiracy to defraud the Court in violation of the Michigan Penal Code Section 750.248(1) and issue whatever remedy it deems most appropriate.

Signed this 14th day of March 2022

Respectfully submitted,

 

_____

Jason Goodman, Plaintiff, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org

AMENDED BRIEF OF AMICUS CURIAE JASON GOODMAN IN SUPPORT OF - 9
DEFENDANT'S MOTION TO DISMISS

**(EXHIBIT A)**

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION
### AT DETROIT

| | | |
|---|---|---|
| George Webb Sweigert, | **:** | **CASE** |
| | **:** | |
| **Plaintiff,** | **:** | **NO - 2:20-cv-12933-GAD-KGA** |
| | **:** | |
| **V.** | **:** | **US DISTRICT COURT JUDGE** |
| | **:** | |
| | **:** | **Judge Gershwin A. Drain** |
| | **:** | |
| **CABLE NEWS NETWORK, INC** | **:** | **RESPONSE TO ORDER** |
| | **:** | |
| | **:** | **TO SHOW CAUSE** |

### PLAINTIFF'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE

Plaintiff hereby files thi[s]
and, for the reasons st[ated]

The Plaintiff, George W[ebb]
lawsuit in District of Co[lumbia]
transactions were conc[...]
added to some of the a[...]
the Court.

The Defendant, Cable [News Network]
than the CNN Headqua[rters]
confused in person effo[rts]

The Plaintiff requests f[...]
served on the Defenda[nt]
Service.

---

**Document Properties**

Description | Security | Fonts | Initial View | Custom | Advanced

Description

File: 012.pdf

Title: Response To Order To Show Cause - Sweigert V CNN UNITED STATES DISTRICT CO

Author: RichardLoury

Subject:

Keywords:

Created: 6/21/21, 9:05:47 AM

Modified: 6/24/21, 12:19:44 AM

Application: PScript5.dll Version 5.2.2

Additional Metadata...

Advanced

PDF Producer: Acrobat Distiller 17.0 (Windows); modified using iText® 7.1.6 ©2000-2019 iText

PDF Version: 1.6 (Acrobat 7.x)

Location: /Users/jasongoodman/Documents/Webb v CNN/2-20-cv-12933-GAD-KGA/

File Size: 89.27 KB (91,408 Bytes)

Page Size: 8.50 x 11.00 in    Number of Pages: 2

Tagged PDF: No    Fast Web View: No

Help    Cancel    OK

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

George Webb Sweigert

)
)
)
Plaintiff,                    )        Civil Action No. 2:20-cv-12933
)

v.

Cable News Network, Inc

To: Cable News Network, Inc.
One CNN Center
Atlanta, GA 30303-2762

A lawsuit has been filed against

Within 21 days after service of
the United States or a United States age
(a)(2) or (3) — you must serve on the pl
Rules of Civil Procedure. The answer
address are:

George
1671 W.
Tempera

If you fail to respond, judgment
also must file your answer or motion with

*KINIKIA D. ESSIX, CLERK OF COURT*

By: _____
*Signature of Clerk or Deputy Clerk*

Date of Issuance: ___6/22/21___

---

**Document Properties**

Description | Security | Fonts | Initial View | Custom | Advanced

**Description**

File: 14.pdf
Title: A9813hvt_yp9dyj_f3c.tmp
Author: RichardLoury
Subject:
Keywords:

Created: 7/6/21, 11:09:02 AM          Additional Metadata...
Modified: 7/8/21, 6:58:31 AM
Application: PScript5.dll Version 5.2.2

**Advanced**

PDF Producer: Acrobat Distiller 17.0 (Windows); modified using iText® 7.1.6 ©2000-2019 iText
PDF Version: 1.6 (Acrobat 7.x)
Location: /Users/jasongoodman/Documents/Webb v CNN/2-20-cv-12933-GAD-KGA/
File Size: 1.08 MB (1,136,245 Bytes)
Page Size: 8.50 x 11.00 in          Number of Pages: 2
Tagged PDF: No          Fast Web View: No

Help          Cancel          OK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION
### AT DETROIT

George Webb Sweigert, CASE

**:**    **Defendant.**

:

:

:

:

**Plaintiffs,**

:

**CASE NO.2:21-cv-12933**

:

:

**v.**

**JUDGE GERSHWIN DRAIN**

**PLAINTIFF'S AMENDED COMPLAINT**

**DEFAMATION AND FALSE**

:

:

**CABLE NEWS NETW**

:

---

**Document Properties**

Description | Security | Fonts | Initial View | Custom | Advanced

**Description**

File: 44.pdf

Title:

Author: RichardLoury

Subject:

Keywords:

Created: 1/28/22, 11:38:38 AM     Additional Metadata...

Modified: 1/28/22, 3:00:48 PM

Application: PScript5.dll Version 5.2.2

**Advanced**

PDF Producer: Adobe Acrobat Pro 2017 17.11.30207; modified using iText® 7.1.6 ©2000-2019

PDF Version: 1.6 (Acrobat 7.x)

Location: /Users/jasongoodman/Documents/Webb v CNN/2-20-cv-12933-GAD-KGA/

File Size: 4.07 MB (4,267,448 Bytes)

Page Size: 8.50 x 11.00 in     Number of Pages: 26

Tagged PDF: No     Fast Web View: No

Help     Cancel     OK

**(EXHIBIT B)**

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Michigan

2

George Webb Sweigert

)
)
)
)     Civil Action No. 2:20-cv-12933
)
*Plaintiff,*  )
)
v.     )
)     Hon. Gershwin Drain
)
Cable News Network, Inc.  )
)
)
*Defendant.*  )

### SUMMONS IN A CIVIL ACTION

F I L E D

JUN 2 1 2021

CLERK'S OFFICE

To: Cable News Network through its
Register Agent CT Corporation System
289 S Culver Street, Lawrenceville, GA

A lawsuit has been

Within 21 days afte
the United States or a Unite
(a)(2) or (3) — you must ser
Rules of Civil Procedure. 
address are:

If you fail to respon
also must file your answer 

*KINIKIA D. ESSIX, CLE.*

---

**Document Properties**

Description | Security | Fonts | Initial View | Custom | Advanced

Description

| | |
|---|---|
| File: | 011.pdf |
| Title: | |
| Author: | |
| Subject: | |
| Keywords: | |

Created: 6/21/21, 8:00:58 AM          Additional Metadata...
Modified: 6/24/21, 12:23:13 AM
Application: Atalasoft, Inc.

Advanced

| | |
|---|---|
| PDF Producer: | DotImage PDF Encoder; modified using iText® 7.1.6 ©2000-2019 iText Group |
| PDF Version: | 1.4 (Acrobat 5.x) |
| Location: | /Users/jasongoodman/Documents/Webb v CNN/2-20-cv-12933-GAD-KGA/ |
| File Size: | 78.23 KB (80,110 Bytes) |
| Page Size: | 8.50 x 11.17 in |
| Tagged PDF: | No |

Number of Pages: 2
Fast Web View: No

Help          Cancel     OK

**(EXHIBIT C)**

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION
# AT DETROIT

George Webb Sweigert,　　　　: CASE

　　Plaintiff,　　　　　　　　　: NO - 2:20-cv-12933-GAD-KGA

V.　　　　　　　　　　　　　　: US DISTRICT COURT JUDGE

　　　　　　　　　　　　　　　: Judge Gershwin A. Drain

CABLE NEWS NETWORK, INC　: RESPONSE TO ORDER

　　　　　　　　　　　　　　　: TO SHOW CAUSE

## PLAINTIFF'S

Plaintiff hereby files th
and, for the reasons s

The Plaintiff, George
lawsuit in District of C
transactions were con
added to some of the
the Court.

The Defendant, Cable
than the CNN Headqu
confused in person eff

The Plaintiff requests
served on the Defenda
Service.

**Document Properties**

Description | Security | Fonts | Initial View | Custom | Advanced

Description

File: 012.pdf

Title: Response To Order To Show Cause - Sweigert V CNN UNITED STATES DISTRICT CO

Author: RichardLoury

Subject:

Keywords:

Created: 6/21/21, 9:05:47 AM

Modified: 6/24/21, 12:19:44 AM

Application: PScript5.dll Version 5.2.2

Additional Metadata...

Advanced

PDF Producer: Acrobat Distiller 17.0 (Windows); modified using iText® 7.1.6 ©2000-2019 iText

PDF Version: 1.6 (Acrobat 7.x)

Location: /Users/jasongoodman/Documents/Webb v CNN/2-20-cv-12933-GAD-KGA/

File Size: 89.27 KB (91,408 Bytes)

Page Size: 8.50 x 11.00 in

Number of Pages: 2

Tagged PDF: No

Fast Web View: No

Help                    Cancel        OK