**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**Southern Division**

George Webb Sweigert,

                                        Plaintiff,

                -against-                          **CASE: 2:** 22-cv-10002-GAD-KGA

Jason Goodman, dba
CrowdSource The Truth

                                        Defendant.

---

Non-party declarant
D. G. SWEIGERT, C/O
AMERICA'S RV
MAILBOX, PMB 13339
514 Americas Way, Box
Elder, SD 57719
Spoliation-notice@mailbox.org

Plaintiff
GEORGE WEBB SWEIGERT
209 ST. SIMONS COVE,
PEACHTREE, GA 30269-4201
503-919-0748
Georg.webb@gmail.com


Defendant
Jason Goodman
252 7th Avenue, Suite No. 6
New York, N.Y. 10001
(323)-744-3974
TRUTH@CrowdSourceTheTruth.org

**SECOND AMICUS REQUEST FOR**
**JUDICIAL NOTICE TO SUPPLEMENT ECF NO. 56**

---

## AMICUS REQUEST FOR JUDICIAL NOTICE TO SUPPLEMENT ECF NO. 56

NOW COMES D. GEORGE SWEIGERT, *pro se* non-attorney third-party, (U.S. Air Force veteran with one half semester of law school training) to provide an accurate and truthful supplement to the following:

| 03/16/2022 | 56 | MOTION for leave of court to file Amicus brief by D.G. Sweigert. (DPer) (Entered: 03/16/2022) |
|---|---|---|

Attached as **EXHIBIT ONE:**

*Sweigert v. Cable News Network, Inc.*, Assigned to: District Judge Gershwin A. Drain,

### 2:20-cv-12933-GAD-KGA

| 03/21/2022 | 61 | JUDGMENT Signed by District Judge Gershwin A. Drain. (TMcg) (Entered: 03/21/2022) |
|---|---|---|

Attached as **EXHIBIT TWO:**

*Sweigert v. Goodman,* Assigned to: Judge Valerie E. Caproni,**18-cv-08653-VEC-SDA**

| 03/22/2022 | 382 | MOTION FOR RECONSIDERATION OF A JUDICIAL ORDER(ECF NO. 379 & 381), re; 381 Order on Motion to Dismiss 379 Order. Document filed by D George Sweigert.(sc) (Entered: 03/22/2022) |
|---|---|---|

Attached as **EXHIBIT THREE**:

YouTube broadcast, "CrowdSource The Truth 5" (public access)

**_Webb of lies falls apart as "David v Goliath" CNN case gets dismissed six ways to Sunday._**

https://www.youtube.com/watch?v=qTuXPFoZERk

The above artifacts are accurate and truthful reproductions.  Respectfully submitted on this

March 22, 2022 (3/22/2022)

**D. G. SWEIGERT, C/O**
**AMERICA'S RV MAILBOX, PMB 13339**
**514 Americas Way, Box Elder, SD 57719**
**Spoliation-notice@mailbox.org**

## CERTIFICATE OF SERVICE

I, hereby certify, under penalties of perjury, that a true copy of the accompanying documents

has been filed electronically with pdf copies to all parties.

Jason Goodman                                  George Webb Sweigert
truth@crowdsourcethetruth.org          Georg.webb@gmail.com

I hereby attest that the foregoing was transmitted March 22, 2022 (3/22/2022) under the

penalties of perjury.

**D. G. SWEIGERT, C/O**
**AMERICA'S RV MAILBOX, PMB 13339**
**514 Americas Way, Box Elder, SD 57719**

# **EXHIBITS**

# **<u>EXHIBIT ONE</u>**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE W. SWEIGERT,

Plaintiff,

v.

CABLE NEWS NETWORK, INC.,

Defendant.

Case No. 20-cv-12933

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [#15], STRIKING NON-PARTY JASON GOODMAN'S AMICUS CURIAE BRIEF [#20], DENYING PLAINTIFF'S REQUEST FOR CHANGE OF VENUE [#25], DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND [#35], DENYING PLAINTIFF'S MOTION TO REQUEST AN EXTENSION OF TIME OR ZOOM VENUE [#41], GRANTING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S AMENDED COMPLAINT [#45], DENYING PLAINTIFF'S MOTIONS TO STRIKE [#49, #52] AS MOOT, DENYING NON-PARTY JASON GOODMAN'S MOTION FOR LEAVE TO FILE AMENDED AMICUS CURIAE BRIEF [#55], DENYING D. G. SWEIGERT'S MOTIONS FOR LEAVE TO FILE AMICUS BRIEF [#56, #58] AND DISMISSING ACTION

### I. INTRODUCTION

On October 31, 2020, Plaintiff George W. Sweigert, proceeding *pro se*,

commenced this diversity action against Defendant Cable News Network ("CNN").

Plaintiff alleges CNN made various defamatory statements about him in broadcast

and print media and generally engaged in "a three and a half year campaign of false,

vicious attacks against" the Plaintiff.  ECF No. 1, PageID.1, 3, 14–15.  Plaintiff

-1-

asserts Defendant's false and reckless reports have caused him to suffer emotional distress and endangered his life and the lives of his family members. *Id.* at PageID.6–7. Plaintiff seeks over $50,000,000 in compensatory damages, and at least $100,000.000 in punitive damages. *Id.* at PageID.21.

Presently before the Court is CNN's Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(6), filed on July 19, 2021. ECF No. 15, PageID.68. Plaintiff filed his Response in Opposition on July 21, 2021. ECF No. 21, PageID.247. On August 4, 2021, Defendant submitted its Reply brief. ECF No. 23, PageID.262.

Also before the Court is Plaintiff's October 19, 2021 Request to Change Venue. ECF No. 25, PageID.284. CNN filed a Response in Opposition on November 2, 2021. ECF No. 30, PageID.314.

Plaintiff also filed a Motion for Leave to Amend the Complaint on December 13, 2021. ECF No. 35, PageID.414. Defendant filed a Response in Opposition on December 28, 2021. ECF No. 36, PageID.417. Plaintiff submitted his Reply on December 29, 2021. ECF No. 37, PageID.447. Plaintiff failed to attach a copy of his proposed amended complaint as an exhibit to his Motion for Leave to Amend the Complaint. However, on January 28, 2022, prior to the Court's resolution of Plaintiff's Motion for Leave to Amend the Complaint, Plaintiff filed an Amended Complaint on the docket. *See* ECF No. 44. On February 15, 2022, CNN filed a Motion to Strike Plaintiff's Amended Complaint. *See* ECF No. 45. That same date,

Plaintiff filed his Response to CNN's Motion to Strike Plaintiff's Amended Complaint. *See* ECF No. 46.

Finally, on July 20, 2021, without first seeking leave of Court, non-party Jason Goodman filed an Amicus Curiae brief. On February 16, 2022, Plaintiff filed two separate Motions to Strike Goodman's Amicus Brief. *See* ECF Nos. 49, 50.

Upon review of the parties' submissions, the Court concludes oral argument will not aid in the disposition of these matters. Accordingly, the Court will resolve the pending motions on the briefs.[1] *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, CNN's Motion to Dismiss [#15] will be granted, Plaintiff's Motion for Leave to Amend [#35] will be denied and CNN's Motion to Strike Amended Complaint [#45] will be granted. Because neither the Federal Rules of Civil Procedure nor the Local Court Rules authorize the filing of a non-party's amicus brief, the Court will STRIKE Mr. Goodman's Amicus Curiae Brief [#20]. *See* FED. R. CIV. P. 7; *Stepler v. Warden, Hocking Corr. Facility*, No. 2:12-cv-1209, 2013 U.S. Dist. LEXIS 86209 (S.D. Ohio June 18, 2013). As such, the Court will deny Plaintiff's Motions to Strike as moot. *See* ECF Nos. 49, 52. Finally, the Court will deny Plaintiff's Request to Change Venue [#25].

---

[1] The Court will DENY Plaintiff's Motion to Request an Extension of Time or Zoom Venue [#11] as the pending motions are being resolved on the briefs.

## II. Factual Background

Plaintiff is a "self-financed, citizen journalist" who alleges CNN's campaign of false and vicious attacks against him began in June of 2017.  ECF No. 1, PageID.2–3.  Plaintiff claims CNN made at least three "defamatory television broadcasts" falsely reporting that Plaintiff created a "news hoax" to cause alarm concerning the Port of Charleston.  *Id.*

Plaintiff also maintains CNN continued its attacks on him in June of 2020 by making "outlandish and false claims that somehow [Plaintiff] wished harm on the subjects of his [March 2020] news reports."  *Id.* at PageID.4.  Plaintiff asserts CNN anchors made false claims that Plaintiff encouraged bullying of the "October 2019 NATO Military Games Coronavirus victims."  *Id.* at PageID.5.  Finally, in a broadcast on October 28, 2020, CNN made additional false accusations about Plaintiff's conduct and his March 2020 reporting.  *Id.* at PageID.11–12.  Plaintiff further alleges that CNN made grossly misleading statements in a news story claiming Plaintiff was the source of a separate news story concerning a uranium plant in Ohio.  *Id*. at PageID.7–8.  Plaintiff asserts CNN refused to correct their misleading statements despite dozens of requests to correct the record *Id.* at PageID.8.  Plaintiff further complains that CNN republished these false and defamatory accusations to its 41,000,000 social medial followers.  *Id.* at PageID.6–7.

### III. PROCEDURAL POSTURE

Plaintiff filed the instant action on October 31, 2020.  ECF No. 1.  He paid the filing fee on November 13, 2020.  On November 6, 2020, non-party, D.G. Sweigert filed a Motion to Change Venue.  *See* ECF No. 3.  D.G. Sweigert and Plaintiff are brothers.  The Court denied the Motion to Change Venue on June 4, 2021 without holding oral argument.  *See* ECF No. 8.

The Court also issued an Order for Plaintiff to Show Cause why the Case Should not be Dismissed for failure to prosecute on June 4, 2021.  ECF No. 10.  The order resulted from Plaintiff not yet serving CNN with the summons or copy of the Complaint by that date.

On June 18, 2021, Plaintiff filed a Response to the Court's Show Cause Order.  *See* ECF No. 12.  On June 21, 2021 and June 22, 2021, the Clerk's Office issued summonses that Plaintiff recently requested, presumably upon realizing from this Court's Order to Show Cause that this action was close to dismissal for his failure to timely serve the Defendant.  *See* ECF Nos. 11, 12.  In his Response, Plaintiff argues that he has "successfully served numerous Defendant's [sic] in a pro se lawsuit in [the] District of Columbia in 2017 using a process server" but "COVID restrictions have added to some of the administrative process complexity for obtaining a proper Summons from the Court."  *Id.* at PageID.62.  Plaintiff served

CNN with the Summons and Complaint on June 28, 2021—eight months after he initiated this lawsuit.

## IV. DISCUSSION

### A. Request for Change of Venue

#### 1. Standard of Review

Section 1404(a) of the United States Code, or otherwise known as the *forum non conveniens* statute, provides that:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

The Supreme Court discussed § 1404(a) in *Atlantic Marine*, finding that "when a defendant files such a motion … a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." *Atlantic Marine Const. Co., v. U.S. Dist. Court for Western Dist. Of Texas*, 571 U.S. 49, 52 (2013). The Sixth Circuit has also found that § 1404(a) gives district courts broad discretion to determine when the convenience of the parties or when the interest of justice makes a transfer appropriate. *See Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009) (citing *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994)).

Courts can consider six factors in evaluating a *forum non conveniens* motion. *See id*. The factors take into consideration the private interests of the litigants as

well as public interests. *See Dowling v. Richardson-Merrell, Inc.*, 727 F.2d 608, 612 (6th Cir. 1984). These factors include: (1) the convenience of the parties and witnesses, (2) the accessibility of evidence, (3) the availability of process to make reluctant witnesses testify, (4) the costs of obtaining willing witnesses, (5) the practical problems of trying the case most expeditiously and inexpensively, and (6) the interests of justice. *Reese*, 574 F.3d at 320 (citations omitted). The movant bears the burden of demonstrating that "fairness and practicality strongly favor the forum to which transfer is sought." *Thomas v. Home Depot U.S.A., Inc.*, 131 F. Supp. 2d 934, 936 (E.D. Mich. 2001); *see also D'Amato*, 341 F. Supp. 2d at 749. The moving party must make this showing by a preponderance of the evidence. *Amphion Inc. v. Buckeye Elec. Co.*, 285 F. Supp. 2d 973, 946–47 (E.D. Mich. 2003) (citing *Thomas*, 131 F. Supp. 2d at 936; *Int'l Union, U.A.W. v. Aluminum Co. of Am.*, 875 F. Supp. 430, 433 (N.D. Ohio 1995)).

## 2. Analysis

Plaintiff requests the Court transfer this case to the Northern District of Georgia. However, Plaintiff's request to transfer fails to demonstrate convenience to the parties, convenience to the witnesses, additional costs in obtaining the witnesses, or ease of access to sources of proof.

Here, Plaintiff fails to provide evidence supporting convenience of the parties and therefore cannot meet his burden. Rather, Plaintiff merely makes generalized

statements, including that "I hope to reduce my travel expenses to interview witnesses and gather information for discovery."  ECF No. 25, PageID.287.  Much like the conclusory statement in *Oliver v. FCA US LLC* where Mr. Oliver stated that all "of the evidence, witnesses, photographs, and other related materials are located in the Northern District of Georgia," Plaintiff Sweigert fails to provide "evidence to support such vague allegations and has thus has not met his burden."  No. 19-cv-11738, 2020 U.S. Dist. LEXIS 101022, *8 (E.D. Mich. June 10, 2020).  Plaintiff has not produced any documentation demonstrating that travelling to Michigan would pose a significant financial hardship.  This lack of evidence cannot carry the weight necessary to support the request for transfer.  *See United States v. Currency $96,770*, No. 16-CV-11185, 2016 U.S. Dist. LEXIS 175451, at *17 (E.D. Mich. Dec. 20, 2016).

Nor has Plaintiff provided proof that there would be any issues regarding convenience to the witnesses or the cost of obtaining witnesses.  Plaintiff fails to allege that any witnesses are unwilling to travel to Michigan for the proceedings. Plaintiff has not even asserted which witnesses would be required to appear or what information they would provide.  This failure to provide sufficient evidence creates a challenge as "[o]nly when the Court is armed with such information can it properly assess the convenience of the witnesses."  *Thomas*, 131 F. Supp. 2d at 937.  By putting forth no evidence, this factor weighs against issuing a transfer because

Plaintiff fails to meet the burden of a preponderance of the evidence. *See generally D'Amato*, 341 F. Supp. 2d at 751.

With respect to the ease of accessing sources of proof, "the location of relevant documents is of no consequence." *See Oliver*, 2020 U.S. Dist. LEXIS 101022, at *11; *see also Davis v. Snyder*, No. 13-cv-14709, 2013 U.S. Dist. LEXIS 173733, at *12 (E.D. Mich. Dec. 12, 2013) ("[M]odern photocopying technology and electronic storage deprive this issue of practical or legal weight … [t]he location of relevant documents is largely a neutral factor in today's world of faxing, scanning, and emailing document.") (quoting *Roller Bearding Co. of Am., Inc. v. Am. Software, Inc.*, 570 F. Supp. 2d 376, 390 (D. Conn. 2008)).

Accordingly, for the reasons discussed, Plaintiff fails to demonstrate transfer of venue is warranted and his request will be denied.

## B. Motion to Dismiss

### 1. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) authorizes the Court to dismiss complaints for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A "claim is facially plausible when the plaintiff 'pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matthew N. Fulton, DDS, P.C. v. Enclarity, Inc.*, 907 F.3d 948, 951–52 (6th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678).   Determining plausibility is "a context-specific task that require the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.   The complaint must contain "more than labels and conclusions" to survive dismissal. *Twombly*, 550 U.S. at 545.   Courts must "construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true." *Laborers' Loc. 265 Pension Fund v. iShares Trust*, 769 F.3d 399, 403 (6th Cir. 2014).

### 2.  Analysis

Defendant moves to dismiss Plaintiff's Complaint in its entirety for its failure to plead defamation with sufficient specificity where he does not identify the exact words CNN used that allegedly defamed him.   Federal courts sitting in diversity apply the substantive law of the forum state and federal law in deciding procedural issues. *See Croce v. New York Times Co.*, 930 F.3d 787, 792 (6th Cir. 2019); *S. Milk Sales, Inc. v. Martin*, 924 F.2d 98, 102 (6th Cir. 1991) (citing *Guar. Trust Co. v. York*, 326 U.S. 99 (1945)).

As an initial matter, CNN correctly denotes that the Court has yet to resolve its June 4, 2021 Order to Show Cause. *See* ECF No. 15, PageID.91.   Upon review of the Plaintiff's response to the Court's Order to Show Cause, the Court concludes

Plaintiff has not demonstrated good cause for his failure to timely effectuate service on the Defendant.  Rule 4 of the Federal Rules of Civil Procedure required that Plaintiff effect service of process of the original complaint within 90-days from initiating the action.  *See* FED. R. CIV. P. 4(m); *see also Dubay v. Craze*, 327 F. Supp. 2d 779, 782 (E.D. Mich. 2004) (it is "well-established that the applicable rules concerning service of a complaint are procedural matters for which federal courts rely on their own procedural rules.").

Here, Plaintiff failed to request a summons until June of 2021.  Plaintiff asserts that he successfully served Defendant in a 2017 lawsuit in the District of Columbia. Plaintiff therefore understands that he is responsible for requesting a summons and he does not explain why he failed to request a summons until roughly eight months after filing his Complaint.  *See* FED. R. CIV. P. 4(c); E.D. Mich. L.R. 4.1 ("A party … who initiates a proceeding in which the issuance of process is required by statue, rule or order must prepare all required forms" and "[w]here necessary, the party must present the process to the Clerk for signature and sealing.").

As such, Plaintiff has failed to show good cause for extending the summons in this matter.  *See Byrd v. Stone*, 94 F.3d 217, 220 (6th Cir. 1996); *see also El v. Oakwood Annapolis Hosp*., No. 17-10740, 2017 U.S. Dist. LEXIS 213477 (E.D. Mich. June 21, 2017).  Rather, Plaintiff asserts vague "COVID restrictions" having impacted the "administrative process complexity for obtaining a proper Summons

-11-

from the Court." ECF No. 12, PageID.62. Yet the record reveals that Plaintiff could send the requisite forms to the Clerk's office in June of 2021, and the summonses were promptly mailed out to CNN. *See* ECF Nos. 11, 13. There was no complexity with respect to the process; Plaintiff merely failed to follow the applicable procedural rules. Because the Court concludes Plaintiff has failed to demonstrate good cause for extending the summonses in this matter under Rule 4(m), the Clerk's office improperly issued the summonses prior to the Court's resolution of its Order to Show Cause. Thus, Plaintiff failed to timely serve CNN with the Summons and copy of the Complaint and has not demonstrated good cause for his failure. Plaintiff's Complaint is therefore subject to dismissal under Rule 4(m) of the Federal Rules of Civil Procedure.

Plaintiff's Complaint is also subject to dismissal on the merits. Plaintiff fails to allege sufficient specificity about the contested statements, including the exact words used, who made them, in what context the statements were made, and the exact date they were made, except for one purported defamatory statement made on October 28, 2020. In Michigan, a defamation claim's four elements are:

> (1) a false and defamatory statement concerning the plaintiff, (2) an unprivileged communication to a third party, (3) fault amounting at least to negligence on the part of the publisher, and (4) either actionability of the statement irrespective of special harm (defamation per se) or the existence of special harm caused by publication.

*Smith v. Anonymous Joint Enterprise*, 487 Mich. 102, 113 (2010) (citing *Mitan v. Campbell*, 474 Mich. 21, 24 (2005)).  "A plaintiff claiming defamation must plead a defamation claim with specificity by identifying the exact language that the plaintiff alleges to be defamatory." *Adamo Demolition Co. v. Int'l Union of Operating Engineers Local 150*, 439 F.Supp.3d 933, 945 (E.D. Mich. 2020) (quoting *Thomas M. Cooley Law Sch. v. Doe*, 300 Mich. App. 245, 262 (2013)).  Michigan law also requires defamation claims to specify the defamatory statements,[2] and facts supporting alleged "falsity, negligence, or reckless disregard for the truth." *Rouch v. Enquirer & News of Battle Creek Michigan*, 440 Mich. 238, 279 (1992) (Riley, J., concurring).

Here, while the Court notes Plaintiff's pleading is not a model of clarity, from what the Court can discern it appears the Complaint alleges three statements in support of Plaintiff's defamation claim.  First, sometime in June of 2017, Plaintiff alleges CNN falsely reported that Plaintiff created a "news hoax in the Port of Charleston."  ECF No. 1, PageID.3.  Plaintiff's allegations do not identify the speaker of this statement, nor does he provide the exact words used, the context within which they were made or the exact date they were broadcast.  Second,

---

[2] Michigan courts describe a defamatory statement as one that "tends to harm the reputation of another by lowering that person's estimation within the community or by deterring third persons from associating or dealing with him." *Mich. Microtech, Inc. v. Federated Publ'n Inc.*, 187 Mich. App. 178, 182 (1991) (citing *Nuyen v. Slater*, 372 Mich. 654 (1964)).

Plaintiff complains that sometime in June of 2020, reporter Donnie Sullivan reported that Plaintiff wished harm on victims participating in the 2019 military games. Plaintiff further asserts CNN anchors Jim Scuitto, Poppy Harlow, and Brian Seltzer repeated these false accusations at an unknown time thereafter. Plaintiff's allegations likewise fail to identify the exact words used, the context in which they were made or the exact date they were made. Finally, Plaintiff asserts that on October 28, 2020, CNN made misleading statements about Plaintiff being the source of a news story concerning an Ohio uranium plant. However, the Complaint fails to identify the speaker, the exact words used, or the context within which the October 28, 2020 defamatory statements were made.

"'The essentials of a cause of action for [defamation] must be stated *in the complaint*,' including allegations as to the exact language that the plaintiff contends is defamatory, the connection of the defamatory words to the plaintiff where such words are not clear or are ambiguous, and the publication of the alleged defamatory words." *Bhan v. Battle Creek Health Systems*, 579 F. App'x 438, 446 (6th Cir. 2014) (emphasis in original) (citing *Ledl v. Quik Pik Food Stores, Inc.*, 133 Mich. App. 583, 589 (1984)). Contrary to FED. R. CIV. P. 8(a)(2), Plaintiff's Complaint does not contain any defamatory statements demonstrating "that the pleader is entitled to relief." The Complaint is devoid of a single statement specifying "the exact language that the plaintiff alleges to be defamatory[,]" thus, the Complaint does not

articulate a plausible cause of action for defamation.  *Cf. Thomas M. Cooley Law Sch.*, 300 Mich. App. at 262; *see also Heike v. Guevara*, 654 F. Supp. 2d 658, 676 (E.D. Mich. 2009) (applying Michigan law and finding plaintiff "did not plead her defamation cause of action with sufficient specificity" where plaintiff did not identify particular statements); *Williams v. Detroit Bd. of Educ.*, 523 F. Supp. 2d 602, 606 (E.D. Mich. 2007), *aff'd* 306 F. App'x 943 (6th Cir. 2009) (applying Michigan law and finding plaintiff "failed to identify the exact defamatory words that support his defamation claim.").

Plaintiff's claims are subject to dismissal under Rule 12(b)(6) because he fails to provide a verbatim account of the purportedly actionable statements, nor attach a copy of the contested broadcasts.  Moreover, Plaintiff does not identify the speaker for two of the statements at issue and fails to identify the specific dates when two of the statements were made.  A complaint must develop claims with an "appropriate degree of specificity," and the court and the defendant "should not have to guess at the nature of the claim asserted."  *Kafele v. Lerner, Sampson & Rothfuss, L.P.A.*, 161 F. App'x 487, 491 (6th Cir. 2005).  "Vagueness as to the complained-of conduct is particularly inappropriate when pleading a defamation claim." *Tannerite Sports, LLC v. NBC Universal News Grp.*, 864 F. 3d 236, 251 (2d Cir. 2017) ("Some specificity is necessary so defendants and courts may address themselves to the parts of a communication alleged to be false and defamatory . . . .").

CNN also moves alternatively to dismiss claims relating to defamatory statements made before June 28, 2020, arguing they are time barred by the applicable statute of limitations and cannot support a claim for defamation.  The statute of limitations for defamation in Michigan is one year.  *See* MICH. COMP. LAWS § 600.5805(9); *see also Walker v. Armco Steel Corp*., 446 U.S. 740, 753 (1980) (holding the statute of limitations of the forum state applies in federal diversity actions).  Defamation claims begin accruing when "the wrong upon which the claim is based was done regardless of the time when damage results." MICH. COMP. LAWS § 600.5827.  Therefore, "a defamation claim must be filed within one year from the date the claim first accrued." *See Mitan*, 474 Mich. at 24–25 (2005).  Additionally, the statute of limitations is not tolled until "the complaint is filed" and "a copy of the summons and complaint are served on the defendant[.]"  MICH. COMP. LAWS § 600.5856.  Here, because Plaintiff did not serve CNN until June 28, 2021, his claims for statements made before June 28, 2020, are barred by the Michigan statute of limitations and subject to Rule 12(b)(6) dismissal for this additional reason.

**C.   Motion for Leave to Amend and Motion to Strike Amended Complaint**

### 1. Standard of Review

Rule 15 of the Federal Rules of Civil Procedure governs the amendment of pleadings.  Rule 15(a) states:

**(a)    Amendments Before Trial**.

  (1) *Amending as a Matter of Course*.  A party may amend its pleading once as a matter of course within:

   (A) 21 days after serving it,

   (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

  (2) *Other Amendments*.  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

FED. R. CIV. P. 15(a).  Rule 15(a) is intended to "enable a party to assert matters that were overlooked or were unknown at the time the original complaint or answer was interposed."  *Iron Workers Local No. 25 Pension Fund v. Klassic Services, Inc.,* 913 F. Supp. 541, 543 (E.D. Mich. 1996).   Leave to amend should only be denied where "there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility."  *Ziegler v. IBP Hog Mkt., Inc*., 249 F.3d 509, 519 (6th Cir. 2001).

Courts "should freely give leave" to amend "when justice so requires."  FED. R. CIV. P. 15(a)(2).  The decision to grant or deny leave to amend falls within "the sound discretion of the trial judge."  *Glob. Lift Corp. v. Hiwin Corp.*, No. 14-cv-12200, 2016 U.S. Dist. LEXIS 133952, *8 (E.D. Mich. Sept. 29, 2016) (quoting *Robinson v. Mich. Consol. Gas Co. Inc.*, 918 F.2d 579, 591 (6th Cir. 1990)).  "The case law in this Circuit manifests liberality in allowing amendments to a complaint." *Parchman v. SLM Corp.*, 896 F.3d 728, 736 (6th Cir. 2018) (internal quotation marks

and citation omitted).  However, a party seeking to amend "must act with due diligence if it intends to take advantage of the Rule's liberality." *See United States v. Midwest Suspension & Brake*, 49 F.3d 1197, 1202 (6th Cir. 1995).

### 2. Analysis

Plaintiff moves to amend his Complaint with "the additional claim of false light."  ECF No. 37, PageID.450.  He did not seek concurrence from Defendant, who opposes the amendment.  Nor did Plaintiff include a copy of his proposed pleading along with his Motion to Amend.  Plaintiff waited until January 28, 2022 to file his proposed amended complaint, or 30 days *after* CNN's Response noting Plaintiff's failure to include his proposed pleading with his motion, and roughly *455 days after* Plaintiff filed his original complaint.  Plaintiff should have filed his proposed amendment as an exhibit to his first motion to amend, rather than directly to the docket before the Court ruled on his pending motion.  Because Plaintiff has delayed this matter without explanation and fails to demonstrate how his proposed amendment withstands Rule 12(b)(6) scrutiny, as well as improperly filed his pleading on the docket, the Court will DENY his Motion for Leave to Amend and grant CNN's Motion to Strike Plaintiff's Amended Complaint  [#45].

Additionally, Plaintiff's proposed amendment does not seek to add specific statements supporting his defamation or false light claims.  *See Foundation for Behavioral Resources v. W. E. Upjohn Unemployment Trustee Corp.*, 332 Mich.

App. 406, 410–11 (2010) ("[A] plaintiff must show that the defendant broadcast to the public … information that was unreasonable and highly objectionable[.]"). The Amended Complaint Plaintiff added to the docket still lacks specific defamatory statements that CNN made to third-parties.  While the Amended Complaint contained screenshots of what appear to be CNN broadcasts, there are still no specific statements referenced.  Granting Plaintiff's Motion for Leave to Amend with his proposed Amended Complaint would thus be fruitless.

Even if Plaintiff's amended allegations cured the deficiencies with his defamation claim, Plaintiff's delay in seeking amendment without explanation is unduly prejudicial to CNN.  Plaintiff waited over a year before moving to amend his Complaint even though Defendant timely moved to dismiss it once the Complaint was finally served in June of 2021.  Plaintiff's dilatory conduct with the prosecution of his claims suggests bad faith motive and does not support allowing amendment at this juncture.  Accordingly, the Court will DENY Plaintiff's motion for leave to amend [#35], STRIKE Plaintiff's Amended Complaint [#44], and GRANT CNN's motion to strike Plaintiff's Amended Complaint [#45].

### D.  Amicus Briefs

#### 1.  Standard of Review

Federal Rule of Appellate Procedure 29(b) requires proposed amici to show "the reason why an amicus brief is desirable and why the matters asserted are

relevant to the disposition of the case." FED. R. APP. P. 29(b).[3]  "There is no right of nonparties generally to submit an amicus brief."  16AA C. Wright & A. Miller, *Federal Practice and Procedure* § 3975, pg. 383 (2021).  Instead, "the amicus must file a motion for leave to file the brief" when consent cannot be obtained.  *Id.*  The amicus brief itself must accompany the motion for leave, FED. R. APP. P. 29(a)(3), and the filings must be served on all parties.  FED. R. APP. P. 25(b).

### 2. Analysis

Proposed amici Jason Goodman submitted an amicus brief on July 20, 2021, "to share facts and evidence" concerning alleged fraud.  ECF No. 20, PageID.244. He did not seek concurrence from either party and Plaintiff actively opposes the brief's entry.  Plaintiff's brother, D. G. Sweigert, seeks leave to file an amicus brief responding to Mr. Goodman's motions.  ECF Nos. 56, 58.

The Court will strike Mr. Goodman's amicus brief [#20].  Procedurally, Mr. Goodman's first amicus brief is improper.  Mr. Goodman did not seek concurrence from either party prior to filing.  Nor did proposed amici file a motion for leave alongside his first amici brief, as required under the Federal Rules governing amici

---

[3] District courts have referenced the federal appellate rules governing amici practice absent another federal rule.  *See, e.g.*, *Freed v. Thomas*, No. 17-cv-13519, 2018 U.S. Dist. LEXIS 134249, at *5 (E.D. Mich. Aug. 9, 2018) ("There is no governing standard, rule, or statute prescribing the procedure for obtaining leave to file an amicus brief in the district court.") (quoting *Auto. Club of N.Y., Inc. v. Port Auth.*, No. 11-cv-6746 (RJH), 2011 U.S. Dist. LEXIS 135391 (S.D.N.Y. Nov. 22, 2011)).

practice.  Moreover, Mr. Goodman has not served either party with his filings.  To the extent Mr. Goodman's and Mr. Sweigert's proposed amici briefs are relevant to the present matter's disposition, the Court disagrees.  Mr. Goodman's filings contain conclusory allegations of Plaintiff conspiring with a court employee "to commit fraud on the court."  ECF No. 20, PageID.244; ECF No. 55, PageID.600.  D. G. Sweigert's proposed amicus brief attempts to "provide an accurate and truthful opposition" to Mr. Goodman's recent filing.  ECF No. 56, PageID.619.

Amicus briefs "ought to add something distinctive to the presentation of the issues," and the proposed amici filings are absent of any such insight into Plaintiff's case. 16AA C. Wright & A. Miller, *Federal Practice and Procedure* § 3975, p. 385 (5th ed. 2019).  The Court will therefore STRIKE the Brief of Amicus Curiae Jason Goodman in Support of Defendant's Motion to Dismiss [#20] and DENY his Motion Seeking Leave to File Amended Amicus Curiae [#55].  The Court will also DENY non-party D. G. Sweigert's Motions for Leave of Court to File Amicus Brief [#56, #58].  While the Court acknowledges the non-parties' interest in this litigation, their input is unnecessary for this matter's disposition.

The Court will also DENY Plaintiff's Motions to Strike Malicious and Vexation Amicus Brief Designed to Undermine Authority of this Honorable Court [#49, #52] as MOOT.

## V. CONCLUSION

For the reasons discussed herein, Defendant's Motion to Dismiss Pursuant to

FED. R. CIV. P. 12(b)(6) [#15] is GRANTED.

Plaintiff's Motion for Leave to Amend [#35] is DENIED.

Non-Party Jason Goodman's Amicus Curiae brief [#20] is STRICKEN.

Plaintiff's Request for Change of Venue [#30] is DENIED.

Plaintiff's Motion to Request Extension of Time or Zoom Venue [#41] is

DENIED.

Defendant's Motion to Strike Plaintiff's Amended Complaint [#45] is

GRANTED.

Plaintiff's Amended Complaint [#44] is STRICKEN.

Plaintiff's Motions to Strike [#49, #52] are DENIED AS MOOT.

Non-Party Jason Goodman's Motion for Leave of Court to File Amended

Amicus Curiae Brief [#55] is DENIED.

Non-Party D. G. Sweigert's Motions for Leave of Court to File Amicus

Briefs [#56, #58] are DENIED.

This cause of action is dismissed.

**SO ORDERED.**

Dated:  March 21, 2022                        /s/Gershwin A. Drain
                                              GERSHWIN A. DRAIN
                                              United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 21, 2022, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Deputy Clerk

# **<u>EXHIBIT TWO</u>**

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERRN DISTRICT OF NEW YORK**

D. George Sweigert,
                                        Plaintiff,

              -against-                    **CASE: 18-cv-08653-VEC-SDA**

Jason Goodman                          **HON. VALERIE E. CAPRONI**
                          Defendant.

---

**MOTION FOR RECONSIDERATION**
**OF A JUDICIAL ORDER (ECF. NO. 379 AND 381)**

---

Hereby sworn under oath on this twenty-second day of March, 2022 (3/22/2022).

**D. G. SWEIGERT, C/O**
**AMERICA'S RV MAILBOX, PMB 13339**
**514 Americas Way, Box Elder, SD 57719**
**Spoliation-notice@mailbox.org**

---

## MOTION FOR RECONSIDERATION
## OF A JUDICIAL ORDER (ECF. NO. 379 AND 381)

---

**Pursuant to the Federal Rules of Civil Procedure the *pro se* Plaintiff hereby invokes Rule 60(b) to respectfully request this Court revise ORDERS ECF no. 379 and 381 to have the practical effects of DISMISSED WITHOUT PREJUDICE.**

The pro se Plaintiff requests this Court review *Gravatt v. Columbia University,* 845 F.2d 54 (1988), Second Circuit · No. 533, Docket 87-7677 845 F.2d 54.  In *Gravatt* the presiding judge converted a request for voluntarily withdrawal without prejudice as a request with prejudice.

*Pro se* Plaintiff asserts that the presiding judge acted in a like manner in deciding **ECF 379 and 381** without the benefit of the presentment of the claims at trial. Thus, a WITH PREJUDICE determination as to merits seems inappropriate under *Gravatt.*

*Pro se* Plaintiff asserts that his rights were abridges when the presiding judge did not offer the undersigned an opportunity to understand the practical effects of the significance of WITH or WITHOUT PPREDICE dismissal and allow a withdrawal of the offers of dismissal and surrender of claims made by the *pro se* Plaintiff.

Respectfully submitted March 22, 2022 (3/22/2022) under the penalties of perjury.

**D. G. SWEIGERT, C/O**
**AMERICA'S RV MAILBOX, PMB 13339**
**514 Americas Way, Box Elder, SD 57719**

## CERTIFICATE OF SERVICE

I, hereby certify, under penalties of perjury, that a true copy of the accompanying documents

has been filed electronically with pdf copies to all parties.

Defendant
JASON GOODMAN
252 7TH AVENUE APT 6S
NEW YORK, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org

I hereby attest that the foregoing was transmitted via e-mail message March 22, 2022

(3/22/2022) under the penalties of perjury.

**D. G. SWEIGERT, C/O**
**AMERICA'S RV MAILBOX, PMB 13339**
**514 Americas Way, Box Elder, SD 57719**

# **<u>EXHIBIT THREE</u>**



Webb of lies falls apart as "David v Goliath" CNN case gets dismissed six ways to Sunday.

https://www.youtube.com/watch?v=qTuXPFoZERk





o World Flames Out! Failure to State A Valid

Top chat



Mario World Flames Out! Failure to State A Valid

Top chat ⌄



rld Flames Out! Failure to State A Valid

Top chat









includes her opinion that I'm a conspiracy theorist I hope that



following this stupid Mario really has earned that name he

the defendant to serve CNN I hope the judge I mean you never



section of the order where the judge spoke about amending the

brief was struck but the thing is when you read the order it



-20-c....pdf





Flames Out! Failure to State A Valid



d Flames Out! Failure to State A Valid

drains order



but one thing that's Judge did acknowledge from the Amicus

orld Flames Out! Failure to State A Valid

Top