**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**
**AT DETROIT**

| | |
|---|---|
| **George Webb Sweigert,** | **: CASE** |
| | **:** |
| **Plaintiff,** | **: NO - 2:22-cv-1002-GAD-KGA** |
| | **:** |
| **V.** | **: US DISTRICT COURT JUDGE** |
| | **:** |
| | **: Judge Gershwin A. Drain** |
| | **:** |
| **Jason Goodman,** | **: RESPONSE TO MOTION TO DISMISS** |
| | |
| **Defendant,** | |

**BACKGROUND - PLAINTIFF HAS EXHAUSTED ALL REQUESTS TO**

**ASK DEFENDANT TO CEASE DEFAMATIONS AND SLANDERS**

1. Now comes George Webb Sweiget, Plaintiff in Sweigert v Jason Goodman, Defendant in the Eastern District of Michigan, Case Number 2:22-cv-10002.

2. Defendant Jason Goodman intervened into the Eastern District of Michigan Federal Court as a Non-party in July 2021 into Sweigert v CNN, 2:20-cv-12933, will an entirely false, malicious, vexatious Amicus Brief, accusing the Plaintiff, George Webb Sweigert, into a Felony Conspiracy to commit Fraud On The Court with Pro Se Administrator, Richard Loury.

3. Since July of 2021, the Defendant has continually repeated these malicious and false claims on his YouTube channels, "Crowd Source The Truth", almost daily, and on his Patreon pay channel, "The Counter Lawfare Show". This outrageous

undermining of the legitimacy of the Court by Defendant Goodman culminated in Goodman recommending that Judge Gershwin should be sanctioned on his "Counter Lawfare Show" along with admitting to calling out law enforcement on many members of the Court staff including Judge Drain.  In February of 2022, a series of harassing phone calls to Court personnel after hours and on the weekends was made by Defendant Goodman in this barrage of harassment on the Court.

4.  On March 4th, 2022 in  Zoom conference with the Honorable Judge Gershwin Drain, Plaintiff Sweigert again offered to withdraw this action if the Defendant Jason Goodman would desist in his Defamations and disruptions in the Sweigert v CNN case.  Defendant Goodman refused this chance to resolve this manner as witnessed by Judge Drain.

5.  Instead of simply ceasing and desisting from the Defendant's Defamations, Defendant Goodman compounded his Defamations with fresh accusations of Fraud on the Court, Forgery, and Illegal Practice of Law by Pro Se Administrator Loury, and Felony Conspiracy between Pro Se Administrator and Plaintiff George Webb Sweigert in an Amended Amicus Brief on March 17th, 2022.

6.   In one last attempt by Plaintiff Sweigert to encourage Defendant Goodman to desist from his Defamations on his for pay Patreon service "Counter Lawfare Show" and his YouTube shows, "Crowd Source The Truth", Plaintiff Sweigert went to the extreme measure of leaving the Country to report on the Ukraine War from Europe.  Defendant Goodman's defamations continued unabated nonetheless.

**BAD FAITH HISTORY IN FEDERAL COURT BY DEFENDANT GOODMAN**

7. **DEFENDANT GOODMAN IS UNDER SANCTION FROM A FEDERAL JUDGE IN THE SOUTHERN DISTRICT OF NEW YORK AND IS REQUIRED TO INFORM THIS COURT OF THE FACT BY MARCH 22ND, 2022 1:21-cv-10627 (Exhibit One).**

8. **DEFENDANT GOODMAN HAS BEEN FOUND TO BE INVOLVED IN VIOLATION OF A PROTECTIVE ORDER ISSUED BY A FEDERAL JUDGE, 1:21-cv-10627 AND NOT INFORMING OTHER COURTS LIKE THE EASTERN DISTRICT OF VIRGINIA (Exhibit Two)**

9. **RECORD OF FEDERAL LAWSUITS INVOLVING JASON GOODMAN**

   **Southern District of New York**

   **1:21-cv-10627-VEC Jason Goodman v. Adam Sharp et al, Valerie E. Caproni, presiding, Date filed: 12/13/2021**

   **1:21-cv-10878-AT-JLC Jason Goodman v. George Sweigert and Chris Bouzy et al, Analisa Torres, presiding, Date filed: 12/19/2021**

   **1:20-cv-07269-VEC The National Academy of Television Arts and Sciences, Inc. et al v. Multimedia System Design, Inc., Valerie E. Caproni, presiding, Date filed: 09/04/2020**

   **Eastern District of Michigan**

   **2:22-cv-10002-GAD-KGA George Sweigert v. Goodman, Gershwin A. Drain, presiding, Date filed: 01/03/2022**

   **2:20-cv-12933-GAD-KGA George Sweigert v. Cable News Network, Inc., Gershwin A. Drain, presiding, Date filed: 10/31/2020**

Eastern District of Virginia

3:21-cv-00573-JAG Steele et al v. Goodman, John A. Gibney, Jr, presiding,
Date filed: 09/28/2020

**DEFENDANT GOODMAN HAS ADDED A LITANY OF NEW DEFAMATIONS THAT CAUSE ADDITIONS IRREPARABLE HARM SINCE THE ORIGINAL COMPLAINT WAS FILED, TRIGGERING A NEED FOR AN AMENDED COMPLAINT**

8.     One example of an additional Defamation by the Defendant occurred when he filed an Amended Amicus Brief in litigation on March 14th, 20222 (docket 20, 2:20-cv-12933- GAD-KGA, Sweigert v. CNN) which alleged fraud upon the court, perpetrated by the Plaintiff, George Webb Sweigert, who was accused of being in a conspiracy with the Officer of the Court Richard Loury, according to Mr.  Goodman. Defendant Jason Goodman then used the Amicus brief to build a narrative of a criminal conspiracy that was disseminated in a dozen video productions (defamation by implication).

9.     Additional Defamations since the filing of the Original Complaint on January 4th, 2022 have occurred almost daily by Defendant Goodman, who has continually used YouTube and other various social media platforms to repeat the Fraud on the Court allegation since July of 2021 that the Plaintiff, George Webb Sweigert (hereafter known as Webb) and his brother, David George Sweigert (hereafter know as Sweigert), entered into a Criminal Conspiracy with Richard Loury, the Pro Se Administrator of the Federal Court in the Eastern District of Michigan.

10.     On one such typical YouTube broadcast on January 29th, 2022, Defendant Jason Goodman states, "According the amended Amicus Brief, evidence on the docket is likely

to prove a conspiracy with a Federal employee".  Mr. Goodman continues, "I've got these guys dead to rights", "Michigan Penal Code makes it a Felony to alter or forge", and "I don't think they will get the maximum sentence".  Any reasonable person would assume both Plaintiff George Webb Sweigert and Pro Se Administrator Richard Loury had alter or forged documents illegally from these statements.  These statements are grossly untrue, malicious, vexatious, cause irreparable harm to the reputation of the Plaintiff, and are just one example of frequently diatribe repeating these allegations on his YouTube Channel called "Crowdsource the Truth" and his Patreon channel called "Lawfare".

## SPECIFIC RESPONSES TO DEFENDANT'S ARGUMENTS TO DISMISS

11.    The Defendant Jason Goodman argues the Court does not have Personal Jurisdiction over Defendant Goodman because he lives in New York, and he did no harm in Michigan.

12.    Defendant Goodman's arguments fail in both points. Defendant Goodman chose to enter the Eastern District of Michigan an essential scream "Fraud" and "Conspiracy" in a crowded Courtroom with only evidence that the Pro Se Administrator was doing his job.  This tort was most certained committed in Michigan.

13.    Additionally, Defendant Goodman does business and collects funds from Michigan with the Patreon, SubcribeStar, and Paypal donation web sites.

14.    In January of 2022, Defendant Goodman conducted a number of YouTube and Patreon shows in Michigan to raise money for his "Counter Lawfare Show", clearly conducting personal business in Michigan.

13.    Defendant Goodman has acted in an extreme and outrageous manner to accuse the Plaintiff of criminal conduct of Fraud on the Court resulting in professional

disparagement in addition to almost daily, hours long television shows repeating this malicious and false claims ad nauseum, clearly doing irreparable harm to the reputation of Plaintiff George Webb Sweigert.  Defendant Goodman argument of no harm fails clearly.

### ADDITION CONSIDERATION IN JURISDICTION

14.    Plaintiff George Webb Sweigert seeks his Article III rights and pursues this lawsuit under the First Amendment and the Michigan Consumer Protection Act (CPA).

15.    Plaintiff George Webb Sweigert is an active social media broadcaster at the Neighborhood News Studio located in Temperance, Michigan.

16.    Jason Goodman, in New York City, is a social media competitor and operates several social media "properties" to broadcast his content to persons located in Michigan.

17.    Mr. Goodman has attempted to destroy the business of a competing social media enterprise operated by Plaintiff George Webb Sweigert by publishing false facts and soliciting business in Michigan, cleary causing irreparable harm in Michigan.

18.    Mr. Goodman petitioned this court under the First Amendment by filing "sham" documents with this court in bad faith to hurt, harm and injure the Plaintiff's ability to broadcast at the Neighborhood News Studio in Temperance, Michigan.

19.    Mr. Goodman has violated the Sherman Anti-Trust Act by filing "sham" and "frivolous" documents with this court known as an "Amicus Curie Brief" and the massive publication of the aforementioned document to cause direct and indirect harm to the Plaintiff in the State of Michigan.

20.    This Amicus Curie Brief was a "sham" document and was submitted to this

court in bad faith for the sole purpose of destroying Plaintiff George

Webb Sweigert's social media enterprise.

21.     Mr. Goodman's petitioning of this court with the docketing of Amicus Curie

materials was objectively baseless and motivated by a desire to harass the Plaintiff and

impede his social media business by the spread of defamatory stories, remarks, Twitter

messages, social media videos, etc in Michigan.

22.     Therefore, The Sherman Antitrust Act and the Michigan Consumer

Protection Act provide jurisdiction for this legal action.

23.     The stated business model of Defendant Jason Goodman's Patreon channel

accepts money in Michigan and  is (as proclaimed on the PATREON credit card service

https://www.patreon.com/crowdsourcethetruth ) of CrowdSource The Truth  the so

called collection and vetting of private facts that are published about individuals to a

worldwide  Internet audience for commercial gain via PATREON/SUBSCRIBESTAR

"credit card merchant  account" transactions. This also includes the practice of sham

legal litigation filings (such as his  Amicus brief in Sweigert v. CNN) by Defendant

Goodman to support fund raising for the  COUNTER LAWFARE FUND (which solicits

donations, tributes, and funds from the general  public for "legal advocacy").

24.     Both Patreon and SubscribeStar are subscription-based membership sites which

collect money in Michigan. Unlike YouTube or  blogging, where you create and publish

content for free, only people who sign up for a  membership can access your content on

Patreon or SubscribeStar (though some content can  be made available to the public for

free).

https://rigorousthemes.com/blog/subscribestar-vs
patreon/#:~:text=Five%20percent%20service%20fee%3A%20This,3.5%20percent%2

0%2B%20%240.30%20per%20transaction.

## Personal Jurisdiction

25.    Defendant Goodman arguments to deny personal jurisdiction fail on many addition point of law including Michigan Long Arm Statues.

26.    The Michigan long-arm statute provides that personal jurisdiction exists over any party that "transacts any business within the state." M.C.L. § 600.715(1). The Sixth Circuit recently interpreted the meaning of the Michigan long-arm statute in Lanier v. Am. Bd. of Endodontics, 843 F.2d 901 (6th Cir. 1988). The Lanier Court found two requirements to finding personal jurisdiction under the long-arm statute: (1) the transaction of any business in Michigan; and (2) that the cause of action "arose out of" the business transacted in Michigan. In addition, the Lanier Court noted that a finding of personal jurisdiction under the Michigan long-arm statute cannot violate the due process requirement that the defendant have minimum contacts with the forum state. Minimum contacts are established when the defendant's contact with the forum state makes it reasonable to subject the defendant to trial there. E.g. Kulko v.Superior Court, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978).

27.    Plaintiff contends that jurisdiction exists pursuant to Michigan's long-arm statute, M.C.L. §§ 600.715(1) (2), which extends limited personal jurisdiction to out-of-state defendants on the basis of specific acts or contacts within the state. For purposes of the long-arm statute, "any" is defined broadly to mean each and every. Sifers v.Horen, 385 Mich. 195, 199 n. 2, 188 N.W.2d 623 (1971). The transaction any business requirement is satisfied by "the slightest act of business in Michigan."

Evans Tempcon, Inc. v. Index Industries, Inc., 778 F. Supp. 371, 374 (W.D.Mich. 1990); Lanier v. American Board of Endodontics, 843 F.2d 901, 909 (6th Cir. 1988) (citing Sifers).

### DEFENDANT'S ARGUMENTS TO DISMISS FOR FAILURE TO STATE A CLAIM FAIL DUE TO PRIMA FACIE EVIDENCE PROVIDED BY THE DEFENDANT HIMSELF IN AMICUS BRIEF TO EASTERN DISTRICT OF MICHIGAN

28.     The Defendant's own Amicus Brief filed Sweigert v CNN, 2:20-cv-12933, in the Eastern District of Michigan, provided a word for word, exact transcript of the Defendant's Defamations.  This Amicus Brief was clearly cited in the Original Complaint, and additional examples since the filing of the Original Complaint were included in the Amended Complaint.  The Original Complain clearly delineated repeated references to "Fraud on the Court" and "Conspiracy" referring to Pro Se Administrator Richard Loury and Plaintiff George Webb Sweigert.

### ADDITION DEFAMATIONS SINCE THE FILING OF ORIGINAL COMPLAINT HAVE BEEN CLEARLY DELINEATED ADDITIONAL COGNIZABLE CLAIMS  IN THE AMEND COMPLAINT

29.     In yet another example of additional defamations, on Jan. 28. 2022, Jason Goodman, d/b/a as CrowdSource The Truth, published a  Twitter tweet after hanging up the phone with Richard Loury.  The tweet makes reference to a CrowdSource The Truth social media  podcast known as the "COUNTER LAWFARE REPORT". The hoax

investigations (as depicted in the now removed tweet) are designed to promote antisocial behavior, such as cyber mob attacks, glamorization of doxing, and incitement to violence.  Outlined below is a typical video of Mr. Goodman concerning the "felonies" and "violations of federal law" that have taken place as a result of the Plaintiff's conspiracy with  Richard Loury and Plaintiff GEORGE WEBB SWEIGERT.

30.     On January 18, 2022 the Defendant traveled to Detroit, Michigan with the intent to attend a hearing in Sweigert v. CNN. It is believed that while in Detroit the Defendant met  with a federal law enforcement special agent to provide his allegations of the criminal conspiracy  (defamation by implication) involving the Sweigert brothers (aka SUPER MARIO brothers) and  Richard Loury. Below is a public video podcast the Defendant made while in Detroit.

https://www.youtube.com/watch?v=SSinKt_0PZE

## DEFENDANT'S CLAIMS OF NO HARM FAIL AND SHOW A CALLOUS DISREGARD FOR TRUTH AND THE IRREPARABLE HARM CAUSED BY FALSE, MALICIOUS, AND VEXATION CLAIMS

31.     At all times described herein, the Plaintiff is a pro se non-attorney layman that has  suffered Article III (U.S. Constitution) injuries and damages and seeks redress in the federal  courts. Plaintiff has suffered the dilution of his career as a bestselling author and as a citizen journalist as a direct result of the activities of the Defendant.

32.    While operating CrowdSource The Truth platforms, Defendant has been engaging in the unfair acts and practices alleged in this Complaint which have resulted in injuries and damages to the Plaintiff in excess of $75,001.00. These damages include business defamation, invasion of privacy by false light, defamation per se, slander per se, libel per se, international infliction of emotional distress (I.I.E.D.). Again, the Defendant's argument of no harm clearly fails.

33.    The Defendant has published materially false statements concerning the professional competency and abilities of the Plaintiff who is a citizen journalist who has published 42 professional booklets and seven books, twenty of which became Amazon bestsellers. Such statements by the Defendant are of no legitimate interest to the public, rather they are part of an on-going smear campaign. These unprivileged statements of Plaintiff's supposed criminal conduct have resulted in special harm to the Plaintiff's business, technical and professional reputation. Again, the Defendant's argument of no harm clearly fails.


34.    The conduct of Defendant, as alleged hereinabove, under the CrowdSource The Truth trademark, constitutes a knowing and unauthorized use of the Plaintiff's name, makes criminal conspiracy claims of Fraud on the Court about the Plaintiff and Officers of the Eastern District of Michigan for commercial purposes. Plaintiff has suffered actual damages as a result of Defendant's deliberate use of his names, photograph, and likeness on advertisements and other types of solicitations for goods or services (e.g. promotion of PATREON subscriptions). Defendant engaged in outrageous conduct, carried on with willful and conscious disregard of the rights of Plaintiff. Each such use was unequivocally and directly for purposes of advertising or selling or soliciting purchases

of subscription services by Defendant Goodman via M.S.D.I. / 21C3D / PATREON, such that prior consent was required. Again, the Defendant's argument of no harm clearly fails.

35.    As set forth more fully above, Defendant's entire business is based around their harassment campaigns against the Plaintiff and Officers of the Court of the Eastern District of Michigan. Defendant's most lucrative use of Plaintiffs' and Officers of the Court in the Eastern District of Michigan's names, photographs, pictures, portraits and/or likenesses, appears to be through Defendants' podcast almost as often as the Felony accusations about these same individuals, on PATREON, wherein Defendant solicits fees from their "patrons" or fans, to access their podcasts, which are principally based on using Plaintiffs' name, photographs, pictures, portraits and/or likenesses, as punching bags, and the basis of their shows, and the content therein. Again, the Defendant's argument of no harm clearly fails.

36.    The Defendant's companies, operating at the direction of the C.E.O. Goodman, under the CrowdSource The Truth trademark, have made purely commercial video content, transmitted over the Internet wires, with the Plaintiff's likeness available on the PATREON and SubscribeStar podcast subscription credit card "pay for view" website. Such commercial content that attempts to establish a non-existent relationship with the Plaintiff does not qualify for the newsworthy privilege exemption. Again, the Defendant's argument of no harm clearly fails.

37.    All of these tortious video productions are displayed for view to the general public using an Internet browser to access video podcast content via Internet networked servers that are maintained on-line by entities that operate public social media platforms in the jurisdiction of this Court (e.g. Google, LLC, YouTube, LLC, PATREON,

INC, etc.).  Again, the Defendant's argument of no harm clearly fails.

35.    The foregoing described conduct demonstrates the manner in which the Defendant has violated the privacy of the Plaintiff.  Again, the Defendant's argument of no harm clearly fails.

36.    Such social media accounts include Twitter, YouTube, PATREON, SubscribeStar, Vimeo, Banned.Video, Facebook, BitChute, Periscope, etc. These social media services were used to  obtain commercial value by the morbid and sensational prying into the private life of the Plaintiff for the sake of financial reward. Again, the Defendant's argument of no harm clearly fails.

## ADDITIONS DEFAMATIONS MADE BY DEFENDANT"S SMEAR CAMPAIGN HAVE BEEN INCLUDED IN THE AMENDED COMPLAINT

37.     This privatized smear campaign program (see above) that is advertised on the public video Ghost  Town NYC – Ukraine on the Brink as New York Continues to Crumble features content concerning the criminal conspiracy by the "Stupid Mario Brothers". This implicates Officer of the Court Richard Loury in a confabulation with "GEORGE WEBB" concerning a crime, according to the Defendant Jason Goodman, and implicates the Plaintiff George Webb in such a crime.

38.    Mr. Goodman directs people to his COUNTER LAWFARE website, displaying Goodman v. Bouzy and "GEORGE WEBB" (SDNY), revealing the identity of a "Super Mario  Brother".  The Plaintiff George Webb Sweigert has never spoken with Conspiracy Co-Defendant Christopher Bouzy or ever exchanged messages with him.  Hence, the Defendant Mr. Goodman carries on the harassment and smear campaign in the Southern District of New York as well, again with another imaginary co-conspirator.

39.    Defendant published discrete facts in such a way that they create a substantially false and defamatory impression by omitting material facts or juxtaposing facts in a misleading way.

40.    Defendant published these discrete facts by innuendo, and that Defendant intended or knew the implications that the public could draw from the allegedly defamatory material. These statements were made with a reckless disregard to the truth by the Defendant. The Defendant intended to convey a false impression that the Plaintiff had violated the Michigan Penal Code.

41.    Defendant acted with negligence and actual malice to distribute these falsehoods. The Defendant's implications that the Plaintiff conspired with Richard Loury or "GEORGE WEBB" are materially false.

42.    That Defendant made statements capable of interpretation by a reasonable listener as stating "actual facts" about the plaintiff, as opposed to statements of opinion.

43.    The Plaintiff intends to prove that dozens of statements which qualify as defamation per se and support defamation by implication were published on PATREON and SUBSCRIBESTAR.

44.    That the foregoing statements (published as if fact) are false and defamatory and portray the Plaintiff in a false light which is the direct and proximate cause of injuries and damages to the Plaintiff in excess of $75,001.

**REQUEST FOR INJUNCTIVE RELIEF**

55.    Plaintiff seeks a preliminary injunctive relief (P.I.R.) order from this Court to

direct Jason  Goodman, SUBSCRIBESTAR, M.S.D.I. and 21C3D to remove all materials

from social media  that feature the likeness, photograph, name or persona of the

Plaintiff in content that solicits  sponsorships on the PATREON platform for

CrowdSource The Truth.

56.    Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to grant

injunctive  and such other relief as the Court may deem appropriate to halt and redress

violations of any  provision of law enforced by the FTC. The Court, in the exercise of its

equitable jurisdiction,  may award ancillary relief, including rescission or reformation

of contracts, restitution, the  refund of monies paid, and the disgorgement of ill-gotten

monies, to prevent and remedy any  violation of any provision of law enforced by the

FTC.


Respectfully submitted this 30th day of March, 2022,


George Webb Sweigert (pro se),
george.webb@gmail.com, 503-919-0748
1671 W. Stearns Road, Suite E
Temperance, MI 48182

Signed this day of March 30th, 2022